546 P.2d 802

Clarence J. ROSEBERRY, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

Western-Knapp Engineering Company, Arthur G. McKee & Company and M. M. Sundt Construction Company, Respondent Employers,

State Compensation Fund, General Accident Assurance Corp. and Employers Mutual Liability Insurance Company of Wisconsin, Respondent Carriers.

No. 12418–PR.

Supreme Court of Arizona,
En Banc.

Feb. 26, 1976.

Miller, Pitt & Feldman, P. C. by Barry N. Akin, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondent employer Western-Knapp and respondent carrier State Compensation Fund.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for respondent employer Arthur G. McKee and respondent carrier General Accident Assurance Corp.

HAYS, Justice.

The petitioner, Clarence J. Roseberry, suffered an industrial injury to his lower lumbar spine on January 11, 1973. On February 23, 1973, a lumbar laminectomy was performed by Dr. Mark Frankel, an orthopedic surgeon. The following June the petioner and the doctor decided that petitioner should test the post-operative back by a return to his customary job as an ironworker. After petitioner's return to work, a Notice of Claim Status was filed July 9, 1973, by the respondent insurance carrier, General Accident Assurance Corporation, terminating temporary compensation, stating that petitioner was discharged with "no residual disability." At the time of the notice, however, petitioner was still under the care and treatment of Dr. Frankel and his condition was not considered stationary, as evidenced by a report attached to the notice and signed by the doctor.

Pain and discomfort from his back problems continued to bother petitioner during his employment, and on August 3, 1973, he again saw Dr. Frankel. Because of muscle spasms and severe pain, the doctor recommended that petitioner quit work, and on September 10, 1973, petitioner terminated his employment. Thereafter, on November 5, 1973, a petition to reopen the back injury, alleging a new or previously undiscovered disability or condition, was filed. This attempt to have petitioner's claim reopened or updated was denied by the carrier

and later by the Commission, and a request for review by the Court of Appeals was made. After the Court of Appeals decision was filed, we granted a petition for review. The memorandum decision of the Court of Appeals, Roseberry v. Industrial Commission, et al., is vacated.

The basic question with which we are concerned is whether or not the Notice of Claim Status and the failure of the petitioner to respond thereto by request for hearing within the 60-day period operated to deprive the Industrial Commission of further jurisdiction to determine the merits of the claim. The Notice of Claim Status terminated the petitioner's temporary compensation benefits and indicated that he had suffered no permanent disability, but the report of the attending physician, which was attached to the Notice of Claim Status, indicates that the doctor did not consider defendant's condition as being stationary.

The respondents direct our attention to the words of ARS § 23–1061(H) which indicate that a claim may be reopened "upon the basis of new, additional or previously undiscovered . . . condition, . . ." They cite *Siqueiros v. Industrial Commission,* 20 Ariz.App. 104, 510 P.2d 415 (1973), and *London v. Industrial Commission,* 71 Ariz. 111, 223 P.2d 929 (1950). We do not take issue with the foregoing authorities but in the light of the factual situation here, we question their applicability.

It is our opinion that the Notice of Claim Status was void on its face. Although the Petition to Reopen was not proper, the hearing officer had jurisdiction to proceed to hear the merits of petitioner's case because the Commission had never lost jurisdiction. We hold that a Notice of Claim Status, void on its face, has no res judicata effect and cannot operate to deprive the Commission of jurisdiction over an otherwise valid claim. That the petitioner misperceived his remedy and filed a Petition to Reopen, gives no solace to the respondents, nor does the rationale of *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), come into play.

The award of the Industrial Commission is set aside and this cause remanded for proceedings consistent with the foregoing opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.