602 P.2d 821

**Armida L. GODFREY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Skyline Country Club, Inc., Respondent Employer,**

**Fireman's Fund Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 2100.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 4, 1979.

Rehearing Denied Nov. 7, 1979.

**154**

Christopher J. Philips, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Rabinovitz, Dix & Sands, P. C. by Bernard Rabinovitz, Tucson, for respondents Employer and Carrier.

## OPINION

CONTRERAS, Judge.

Petitioner's workmen's compensation benefits were unilaterally suspended by the respondent carrier during the period of her pregnancy and she has instituted this special action to challenge the hearing officer's finding that the Notice of Suspension of Benefits issued by the carrier was not void. We are of the opinion that the notice suspending petitioner's benefits during the period of her pregnancy was *void*. The award is set aside.

Petitioner injured her back and right ankle in an industrial accident on September 11, 1975. Her claim for workmen's compensation benefits was accepted by respondent carrier. In August, 1976, and while petitioner's condition relating to her industrial injury was not yet stationary, her physician discovered that she was pregnant. Thereafter, on October 18, 1976, the carrier issued a Notice of Claim Status in which it denied any liability for expenses resulting from petitioner's pregnancy. That notice was not protested, became final, and is not at issue here.

On October 28, 1976, the carrier issued a Notice of Suspension of Benefits effective retroactively to August 9, 1976. The stated reason for the suspension of benefits was:

> A non-industrial condition now has occurred disabling claimant from returning to gainful employment for which we are not responsible. Entitlement to benefits will be reinstated following completion of claimant's pregnancy.

The carrier's action in suspending benefits was based on a report written by Lawrence M. Haas, M. D., an orthopedic surgeon, which, because of its consequential significance, is fully set forth:

> 10/8/76: Patient enters for orthopaedic re-evaluation. She states she still has pain in the right sacro-iliac area; occasional radiation down the right leg; she has decreased feeling in the leg; diffuse tingling and numbness around the calf and in the toes without any definite location.
>
> *PHYSICAL EXAMINATION*: reveals normal motor function, reflexes in the lower extremities; sensation is grossly intact with no dermatome pattern being involved. Patient states there is some overall feeling of numbness. Range of motion of the knee and hip are normal. Palpation of the back reveals some minimal sacro-iliac tenderness on the right; no evidence of muscle spasm, swelling or limitation of motion.
>
> *IMPRESSION*: Persistent lumbosacral pain with neurogenic symptoms of undetermined etiology.

*RECOMMENDATION*: Patient does need neurosurgical evaluation. I feel she also needs x-rays after her baby is born. At this time we can make no definite statement as to the etiology of her problem. There is no objective evidence of herniated disc or other serious pathology at this time. I feel no further orthopaedic treatment is indicated, however I suggest the cast be delayed until after her baby is born and x-rays of the lumbosacral spine can be obtained along with neurologic consultation. At that time if the x-ray is normal, neurologic consultation is normal, I feel the patient's Industrial injury could be considered stable and the case closed.

No timely protest of the October 28, 1976, suspension of her benefits was made by petitioner. Petitioner gave birth to a child on February 21, 1977, and benefits were reinstated as of March 18, 1977, when it was determined that petitioner's condition was not yet stationary.

The carrier then issued a Notice of Claim Status on October 24, 1977, terminating petitioner's benefits as of October 5, 1977, because her condition was stationary with no permanent impairment resulting from the industrial injury. This Notice was timely protested and petitioner requested a hearing. Petitioner also filed a motion for hearing pursuant to A.R.S. § 23–1061(J) [1] and a motion to consolidate the issues raised by the 1061(J) motion with the issues raised by the request for hearing. In the 1061(J) motion, petitioner specifically alleged that the "Carrier terminated the compensation benefits of the Applicant during the period she was pregnant in violation of the law and statutes."

On April 4, 1978, three of the Commissioners for the Industrial Commission signed an order directing that the issue relating to the suspension of benefits during petitioner's pregnancy be consolidated with the issues then pending hearing. Af-

ter three hearings before a hearing officer for the Industrial Commission, an award was issued in which the hearing officer found that petitioner's condition was not yet stationary. Accordingly, she was found to be entitled to continuing temporary benefits. None of the parties in this appeal challenge that conclusion. The finding which forms the basis for this special action is finding number 3 of the award:

3. The October 28, 1976 NOTICE OF SUSPENSION OF BENEFITS and the October 18, 1976 NOTICE OF CLAIM STATUS and the April 19, 1977 NOTICE OF CLAIM STATUS all went to finality without protest prior to the hearings in this case and are, therefore, "res judicata". *The Notices in issue are not void.* (Emphasis supplied).

Petitioner specifically challenges the October 28, 1976, Notice of Suspension of Benefits contending that it is void and not entitled to finality. It is clear that the two Notices of Claim Status to which reference is made in finding number 3 are not void. The October 18, 1976, Notice of Claim Status refused to pay for the costs of pregnancy and the April 19, 1977, Notice reinstated benefits. Both of those actions were appropriate subjects of carrier administration and are entitled to finality if not timely protested. *Nelson v. Industrial Commission*, 115 Ariz. 293, 564 P.2d 1260 (App. 1977); *Holmes Tuttle Broadway Ford v. Industrial Commission*, 27 Ariz.App. 128, 551 P.2d 577 (1976); *Davis v. Industrial Commission*, 26 Ariz.App. 355, 548 P.2d 849 (1976). However, this rule of finality does not apply in those cases where the Notice of Claim Status is void on its face, *Roseberry v. Industrial Commission*, 113 Ariz. 66, 546 P.2d 802 (1976), or where a carrier unilaterally terminates benefits in noncompliance with the statutory requirement that application to the Commission be made for termination of benefits. *Keeton v. Industrial*

---

1. A.R.S. § 23–1061(J) provides:

J. The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled. If the commission determines that payment or denial of compensation is improper in any way, it shall hold a hearing pursuant to § 23–941 within sixty days after receiving notice of such impropriety.

*Commission,* 27 Ariz.App. 302, 554 P.2d 898 (1976).

In *Keeton,* the carrier, through its unilateral issuance of a Notice of Claim Status, terminated the employee's medical and compensation benefits pursuant to A.R.S. § 23–1027 and § 23–1026(E) on the basis that the employee had refused to follow competent and reasonable medical treatment.[2] Although this court acknowledged that such is an expressly recognized statutory reason for termination or suspension of benefits, we held that "If a carrier or employer desires to terminate or suspend for the reasons set forth in A.R.S. § 23–1026(E) or A.R.S. § 23–1027, it must apply to the Commission under A.R.S. § 23–1026(E) . . . ." *Id.* at 304, 554 P.2d at 900. Although petitioner contends that our holding in *Keeton* requires a carrier to make appropriate application to the Commission before suspension of benefits, and the failure to make such application renders the matter void, we find that *Keeton* is not dispositive of the instant case. The decision in *Keeton* rests upon the proposition that although A.R.S. § 23–1026(E) authorizes a suspension of compensation regarding an employee who " . . . refuses to submit to medical or surgical treatment reasonably necessary to promote his recovery," the statute specifically requires that such suspension be accomplished only "Upon appropriate application and hearing" [to the Commission]. The instant case is therefore distinguishable from *Keeton* since here there is no specific statute authorizing suspension of compensation if an employee becomes pregnant. Accordingly, *Keeton* cannot be termed to be dispositive.

■■■■ Petitioner also contends that the Notice of Suspension of Benefits was void

*ab initio* because the carrier's power to invoke the penalty of suspension is strictly limited by our workmen's compensation statutes, and there is no provision for a suspension based on pregnancy *per se.* We agree with this contention. Initially, we note that respondents have not specifically addressed the merits of this contention in their answering brief, choosing instead to take the position that the issue was never properly raised before the Industrial Commission and cannot, therefore, be raised before this court. We disagree. A review of the record and particularly petitioner's post-hearing memorandum of points and authorities negates respondents' position. At page 8 of the post-hearing memorandum, for example, petitioner specifically states:

In light of the fact that the right to suspend benefits is specifically enumerated in statutory·authority, it is the Applicant's position that a carrier is not authorized to issue a Notice of Suspension for grounds other than those listed on the the the Notice of Suspension form and an attempt to do so is a nullity which does not require either a protest or request for hearing.

In view of the foregoing unequivocally asserted position together with other arguments made by petitioner before the Industrial Commission, we are of the opinion that the issue was sufficiently raised so as to be preserved for our consideration. *See Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (App.1977).

In seeking to uphold the hearing officer's finding that the Notice of Suspension of Benefits by the carrier was not void, respondents assert that the medical report of Dr. Haas would have supported a termina-

---

2. For ready reference, and in order to better understand this court's specific holding in *Keeton,* the provisions of A.R.S. §§ 23–1027 and –1026(E) are set forth.

A.R.S. § 23–1027 states:

"No compensation shall be payable for the death or disability of an employee if his death is caused by, or insofar as his disability may be aggravated, caused or continued by an unreasonable refusal or neglect to submit to or follow any competent or reasonable surgical treatment or medical aid."

A.R.S. § 23–1026(E) states:

"*Upon appropriate application and hearing,* the commission may reduce or suspend the compensation of an employee who persists in unsanitary or injurious practices tending to imperil or retard his recovery, or who refuses to submit to medical or surgical treatment reasonably necessary to promote his recovery." [Emphasis added].

tion of benefits and that the carrier's action in suspending benefits was a good faith action taken to benefit petitioner rather than to penalize her. While this argument has not been directed to the issue of the carrier's *authority* to suspend benefits on these grounds, it might, nonetheless, be of some persuasive value were it not for the fact that we do not read Dr. Haas' report as supporting a termination of benefits. In fact, the medical report, considered in its entirety, supports a continuation of benefits. The report states that there is "persistent lumbosacral pain with neurogenic symptoms of undetermined etiology." It also expressly recommends that after her baby is born, X-rays of the lumbosacral spine be obtained along with a neurological consultation. The report does not suggest that petitioner was not actually experiencing the pain she reported at that time, nor is there any indication in the report that the doctor considered petitioner's condition as being stationary.[3]

■ The situation here presented is closely akin to that of *Roseberry v. Industrial Commission, supra,* where the court was of the opinion that the Notice of Claim Status terminating benefits was void since the supporting medical report indicated that the doctor did not consider the employee's condition as stationary. Based on the *Roseberry* rationale alone, and by clear analogy, we would be justified in determining that the instant Notice of Suspension of Benefits is void; however, there is an additional compelling reason for our determination.

■ Article 18, Section 8 of the Arizona Constitution provides that "compensation shall be required to be paid" to injured workmen where their injury is by accident arising out of and in the course of their employment, " . . . as may be defined by law . . . ." Pursuant to this constitutional authorization, the Arizona legislature has defined the law by enacting several statutory exemptions to the requirement

that compensation be paid.[4] It is recognized in this jurisdiction that the suspension of benefits is a penalty to be imposed only where there is some wrongful act on the part of the injured workman, which wrongful act is included within one of the statutory provisions for suspending benefits. *Garza v. Industrial Commission,* 17 Ariz.App. 525, 498 P.2d 599 (1972). Thus, the authority of a carrier to impose the sanction of suspension, *i. e.,* as an exemption to the requirement that compensation shall be paid to an injured workman, is specifically limited by our workmen's compensation statutes.

■ After thoroughly reviewing the record and the applicable statutes, we are unable to find any statutory provision for suspension upon which the carrier could rely in suspending petitioner's benefits in this case. Further, respondent carrier has suggested no specific statutory authority for its action. Realistically, and as shown on the face of the Notice of Suspension of Benefits, the only reason for suspending benefits was petitioner's non-industrial condition of pregnancy. But there is simply no statutory provision which authorizes suspension or termination of an employee's disability benefits because of pregnancy *per se.* Absent any statutory authority to suspend petitioner's benefits under the given facts and circumstances of this case, the carrier's action had no validity. Further, we strongly believe that any *per se* pregnancy disqualification from entitlement to disability benefits could only be classified as unlawful sex discrimination which is specifically prohibited by both state and federal law.

It must be noted that the carrier's action in the instant case is clearly distinguishable from those cases discussed earlier in this opinion in which the carrier is authorized to act but then acts wrongfully. *Cf., Nelson v. Industrial Commission, supra; Holmes Tuttle Broadway Ford v. Industrial Com-*

---

3. An interesting bit of hindsight is that at the time of hearing in April, 1978, petitioner's condition was found not stationary. Logically this could support a conclusion that her condition was not stationary in October, 1976, when Dr. Haas' report was written.

4. For a more complete discussion of these statutory exemptions, *see Bearden v. Industrial Commission,* 14 Ariz.App. 336, 483 P.2d 568 (1971).

*mission, supra; Davis v. Industrial Commission, supra.* In those instances, the carrier's action is entitled to finality unless a timely protest is made.

Although a carrier has the authority to suspend benefits in some limited situations, that authority is strictly prescribed by our statutes and must be rigidly enforced to protect the injured workman's right to compensation. For the reasons set forth, we hold that under the facts and circumstances of this case, the October 28, 1976, Notice of Suspension of Benefits solely on the basis of petitioner's pregnancy was void *ab initio.*

The award is set aside and this cause remanded for proceedings consistent with the foregoing opinion.

EUBANK, P. J., and HAIRE, J., concur.