831 P.2d 395

Anthony BORQUEZ, Petitioner,

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Excel Industries, Respondent Employer,**

**Orion Group, Respondent Carrier.**

No. 1 CA–IC 90–171.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 10, 1991.

Reconsideration Denied Feb. 7, 1992.

Review Denied June 16, 1992.

Rabinovitz & Associates, P.C., by Spencer K. Johnston, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Wisniewski & Fendon, P.C., by Don A. Fendon and Jonathan H. Grinder, Phoenix, for respondents employer and carrier.

## OPINION

SHELLEY, Judge.

This is a special action review of an Industrial Commission of Arizona award dismissing an untimely hearing request. Two issues are presented on review: (1) whether the administrative law judge erred by failing to excuse the untimely hearing request; and (2) whether the November 16, 1989, notice of average monthly wage was void pursuant to *Roseberry v. Industrial Comm'n,* 113 Ariz. 66, 546 P.2d 802 (1976). Because the petitioner employee (claimant) failed to establish justifiable reliance on a representation by the Industrial Commission, respondent employer, Excel Industries (Excel), or respondent carrier, Orion Group (Orion), and because *Roseberry* is factually distinguishable, we affirm.

## FACTS

On October 19, 1989, the claimant sustained an industrial back injury. He filed a workers' compensation claim, which was accepted for benefits. On November 16,

1989, a notice of average monthly wage was issued, and on February 22, 1990, the claimant filed an untimely hearing request. One hearing was held limited to the issue of jurisdiction. A stipulation was entered into at the inception of the hearing, which established that the claimant's average monthly wage was $1225.42, based upon the three months prior to the date of injury, rather than $1131.55, as stated in the notice of average monthly wage.

The claimant testified that he reviewed the notice of average monthly wage when it came and noticed that it erroneously stated that he had no dependents, when in fact he had two. He did not take any action to correct this error because he felt that it was unimportant. Despite that error, the claimant assumed that the notice correctly reflected his wages. He testified that he had no idea how the Industrial Commission calculated his average monthly wage and, therefore, he relied on their calculation. He stated that if he had any question about his wage, he would have contacted the Industrial Commission. The claimant also stated that he read the notice and understood that he had a 90–day protest period. In February, 1990, the claimant saw an attorney regarding a medical question and the attorney noticed that the average monthly wage was incorrect. The claimant stated that he had a ninth grade education, was a laborer, and his wages varied each month.

Mark Garcia, an Industrial Commission wage technician, testified that he made the average monthly wage calculations in the claimant's case. In arriving at the claimant's average monthly wage, Mr. Garcia relied on information provided by Excel and Orion on the November 2, 1989, notice of claim status (ICA Form No. 104) and average monthly wage work sheet (ICA Form No. 108). He stated that he did not have the claim file at the time he performed his average monthly wage calculations, and he did not attempt to check the information provided on the ICA Form Nos. 104 and 108 to determine whether it was correct.

Mr. Garcia testified that 98 percent of average monthly wages are set based on a review of the ICA Form Nos. 104 and 108 alone. He stated that if the claimant had contacted him regarding the notice of average monthly wage, he would have obtained the claim file and attempted to further verify his calculations. In this case, Mr. Garcia never received any inquiry regarding the claimant's average monthly wage. Finally, he conceded that his average monthly wage calculation was incorrect because he received erroneous information from Excel and Orion on the ICA Form Nos. 104 and 108.

On August 21, 1990, the administrative law judge entered an award dismissing the request for hearing because the claimant had failed to establish a statutory excuse for his untimely filing. The award was affirmed on administrative review, and the claimant brought this special action.

## DISCUSSION

■ The claimant first argues that the administrative law judge erred by failing to excuse the untimely hearing request. A hearing request had to be filed within 90 days of the November 16, 1989, notice of average monthly wage. *See* A.R.S. § 23–947(A). Because the claimant did not file his request until February 22, 1990, it is necessary to determine whether any of the statutory excuses for a late filing apply. A.R.S. § 23–947 provides in pertinent part:

B. As used in this section, "filed" means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required time by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties. The industrial commission or any court shall not excuse a late filing unless any of the following applies.

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier. *In this paragraph, "justifiable reliance" means that the person to whom the notice is sent has made reasonably diligent efforts to*

*verify the representation, regardless of whether the representation is made pursuant to statutory or other legal authority.*[1] [Emphasis added.]

The claimant argues that he established justifiable reliance on a representation by the Industrial Commission as described in *Holler v. Industrial Comm'n,* 140 Ariz. 142, 680 P.2d 1203 (1984). In *Holler,* the Industrial Commission issued an erroneous notice of average monthly wage based on inaccurate information provided by the employer and carrier regarding the claimant's wages. The supreme court held that "when a neutral arbitrator, like the commission, certifies that an independent determination [of the average monthly wage] has been made, a claimant is justified in relying on the accuracy of that determination." *Id.* at 146, 680 P.2d at 1207. The supreme court noted that the claimant is not expected to automatically mistrust his employer and suspect that his employer would give false or incomplete wage information to the carrier and that the carrier holds a position of superior knowledge to that of the claimant.

The supreme court's *Holler* opinion vacated in part this court's decision in *Holler v. Industrial Comm'n,* 140 Ariz. 148, 680 P.2d 1209 (App.1983), wherein we adopted the following definition of "justifiable reliance":

The term "justifiable reliance" in this subsection [A.R.S. § 23–947(B)(1)] has not been interpreted previously. Claimant suggests an analogy to the law of fraud because it includes as one of its elements justifiable reliance on a misrepresentation. This analogy, however, does not support the interpretation of "justifiable reliance" that claimant proposes. This standard applies to intentional misrepresentation only. *See* W.

Prosser, *Law of Torts,* § 108 at 716 (4th ed. 1971). On the other hand, if the misrepresentation is unintentional, the standard of justification is reasonable diligence. *Id.* In the present case, the record is clear and it is undisputed that the employer, the carrier, and the commission had no intention of deceiving claimant. *Accordingly, assuming that the proposed analogy applies, claimant's reliance was justifiable only if he acted with reasonable diligence.*

140 Ariz. at 150, 680 P.2d at 1211 (emphasis added) (footnote omitted). In 1987, the legislature amended A.R.S. § 23–947(B)(1) and adopted the same definition of justifiable reliance, i.e., reasonable diligence. The legislature thus expressly repudiated the interpretation of justifiable reliance adopted by the supreme court in its 1984 *Holler* opinion. Therefore, the fact that the representation was made pursuant to the commission's statutory authority to set average monthly wages does not excuse the claimant from making reasonably diligent efforts to verify that representation. For this reason, the claimant can no longer rely on *Holler* as the standard for establishing justifiable reliance.

■ The claimant next argues that Mr. Garcia's testimony supports a finding that the commission failed to make an independent determination of the average monthly wage as required by A.R.S. § 23–1061(F).[2] We disagree. In *Harris v. Industrial Comm'n,* 24 Ariz.App. 319, 538 P.2d 406 (1975), this court held that the independent determination mandated by the statute could be satisfied by the use and recomputation of the figures presented by the carrier. In this case, that is precisely what occurred. Mr. Garcia testified that he performed a number of mathematical calculations in arriving at the claimant's average

---

1. The underscored language defining "justifiable reliance" was added in 1987.

2. This statute provides in part:
   In all cases where compensation is payable, the carrier or self-insuring employer shall promptly determine the average monthly wage pursuant to § 23–1041. Within thirty days of the payment of the first installment of compensation, the carrier or self-insuring employer shall notify the employee and commission of the average monthly wage of the claimant as calculated, and the basis for such determination. The commission shall thereupon make its own independent determination of the average monthly wage pursuant to [the] § 23–1041 [basis for computing compensation].

monthly wage and that his calculations were based on information provided by the employer and carrier on the notice of claim status and average monthly wage work sheet.

 Finally, the claimant argues that the notice of average monthly wage was void pursuant to *Roseberry v. Industrial Comm'n*, 113 Ariz. 66, 546 P.2d 802 (1976). In *Roseberry,* the supreme court held that a notice of claim status which was unsupported by the medical report on which it was based was void on its face and not entitled to res judicata effect. As subsequent cases clearly demonstrated, the voidness doctrine of *Roseberry* has been narrowly construed and is only applicable where the notice of claim status is directly contrary to the medical report upon which it is based. *See, e.g., Church of Jesus Christ of Latter Day Saints v. Industrial Comm'n,* 150 Ariz. 495, 724 P.2d 581 (App. 1986); *NCR Corp. v. Industrial Comm'n,* 142 Ariz. 167, 688 P.2d 1059 (App.1984); *Calixto v. Industrial Comm'n,* 126 Ariz. 400, 616 P.2d 75 (App.1980).

In this case, *Roseberry* is not applicable. First, there was no notice of claim status based on a medical report. Second, there is no indication that the Industrial Commission had any contrary wage information in its possession at the time it issued the notice of average monthly wage. Although the claimant's attorney asked Mr. Garcia what additional information he would have had available to him had he obtained the claim file prior to making his determination, the question was withdrawn and was never answered.

For all of the foregoing reasons, the award is affirmed.

GERBER, P.J., and McGREGOR, J., concur.

NOTE: Retired Judge MELVYN T. SHELLEY was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.