889 P.2d 8

Victor H. GERHARDT, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Concession Air, Respondent Employer,

Birmingham Fire Insurance Co. of Pa., C/O Crawford & Company, Respondent Carrier.

No. 1 CA–IC 93–0147.

Court of Appeals of Arizona, Division 1, Department A.

April 12, 1994.

Reconsideration Denied Aug. 2, 1994.

Review Denied Feb. 22, 1995.

Victor H. Gerhardt, in pro. per.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Rawlins Burrus Lewkowitz & Feinstein, P.C. by John C. Kelly and Malcolm T. Sloan, Phoenix, for respondents employer and carrier.

OPINION

EHRLICH, Judge.

Victor H. Gerhardt seeks special action review of an award by the Industrial Commission of Arizona which dismissed his hear-

ing request for lack of jurisdiction. For the following reasons, we set aside the award.

## FACTS AND PROCEDURAL HISTORY

On November 13, 1991, while working as a bartender at Sky Harbor Airport for Concession Air, Gerhardt fell, hitting his lower left jaw on a doorknob and twisting his back. He was treated shortly after the incident at an airport medical clinic, where the treating physician noted that he had paravertebral muscle spasm, tenderness and strain in the lumbar region, and a temporal mandibular joint contusion. Gerhardt filed a report of his injury on the same day and Concession Air submitted its employer's report on the following day. Gerhardt never received a bill for these medical services nor did he miss work as a result of his injury.

On January 3, 1992, Birmingham Fire Insurance Company issued a notice of claim status denying Gerhardt's claim for benefits. The notice also stated that, if Gerhardt did not agree with the notice or desired a hearing on the matter, he would have to file a written request for a hearing within 90 days or the notice would become final. Upon receipt of the notice, Gerhardt approached his general manager, William Higgins, and inquired why his claim had been denied. Higgins responded that since he had not lost any time from work and did not have to pay his medical bills, there were no benefits for Gerhardt to receive. Gerhardt accepted that explanation, although he still experienced some back pain, and did not request a hearing. The notice became final in April 1992.

On January 12, 1993, Gerhardt sneezed while getting out of his car at home and was stricken by pain. After examinations by several doctors, he was diagnosed in February 1993 as having a herniated disc at the level of C4–5, which required surgery. Because his doctor told him that this injury could be related to his earlier fall at work, Gerhardt filed a petition to reopen his November 1991 claim as well as a new claim for an injury on January 12, 1993. The carrier denied both and Gerhardt timely requested a hearing to challenge the denials.

The employer and carrier filed motions to dismiss the hearings, claiming that, since Gerhardt had failed to request a timely hearing on the denial of his 1991 claim, he was precluded from a reconsideration of the issues, and that the 1993 injury was neither new nor related to his employment. The Administrative Law Judge ("ALJ") denied the motions to dismiss. Instead, he treated the petition to reopen as an untimely request for a hearing on the denial of the 1991 claim and, since Gerhardt had alleged that the two injuries were related, he linked the compensability of the 1993 claim to whether Gerhardt could provide an adequate excuse for failing to have requested a timely hearing on the earlier claim. He limited the issues to be addressed at the hearing to whether the untimely hearing request could be excused.

At the hearing, Gerhardt attempted to demonstrate that he had not requested a hearing on the denial of his 1991 claim because he had relied on Higgins' explanation of why the claim had been denied. The ALJ, however, determined that Higgins' comment was merely an opinion, that Gerhardt could not have justifiably relied on it, and that he had failed to make a reasonably diligent effort to verify the information. Therefore, the ALJ found that the untimely hearing request could not be excused and dismissed both the 1991 and the 1993 claims for lack of jurisdiction. On administrative review, he affirmed his earlier dismissal of the claims. This special action followed.

## DISCUSSION

Gerhardt contends that he believed Higgins, as his general manager, was the authority regarding his industrial claim. Therefore, he argues, he was justified in relying on Higgins' assessment of the denial of his benefits claim. Additionally, he claims that, at the time he received the notice denying him benefits in 1991, he had no reason to contest it since he had neither missed work nor accrued any medical bills, nor was he aware of the severity of his 1991 injury until a sneeze aggravated it a year later.

The respondents argue that because he allowed the notice denying his 1991 claim to become final without requesting a hearing, and because he failed to provide a valid

excuse for his failure to timely request a hearing, Gerhardt is precluded from raising his claims. They urge this court to sustain the award. Because we find that the ALJ was incorrect in treating Gerhardt's motion to reopen the 1991 claim as an untimely request for a hearing on the carrier's denial of benefits, we set aside the award.

The respondents are correct that a failure to file a timely request for a hearing from a carrier's notice of claim status generally entitles the notice to finality as to the matters determined in the notice. *See Phoenix Cotton Pickery v. Industrial Commission*, 120 Ariz. 137, 139, 584 P.2d 601, 603 (App.1978); Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–947(B). Here, that would mean that Gerhardt could not claim at this time that his 1991 fall at work resulted in a loss of wages, earning capacity or the like as of the date of the notice of claims status denying benefits. However, the provision for reopening a claim is a well-recognized exception to the doctrine of finality. A.R.S. § 23–1061(H); *Pima County Board of Supervisors v. Industrial Commission*, 149 Ariz. 38, 43–44, 716 P.2d 407, 412–13 (1986). To prevent the harsh consequences of general res judicata principles, the legislature has determined that a claim may be reopened and the need for compensation redetermined when the claimant demonstrates the presence of a "new, additional or previously undiscovered temporary or permanent condition." *See Stainless Specialty Manufacturing Company v. Industrial Commission*, 144 Ariz. 12, 15–16, 695 P.2d 261, 264–65 (1985); A.R.S. § 23–1061(H). Thus, a reopening is appropriate when a change in the claimant's physical circumstances requires treatment that was not required at the time the claim status became final. *Stainless*, 144 Ariz. at 18–19, 695 P.2d at 267–68.

The respondents posit that a claim cannot be "reopened" when there never has been a determination of compensability. They cite *Dickey v. Industrial Commission*, 83 Ariz. 283, 320 P.2d 470 (1958), *Vigil v. Industrial Commission*, 113 Ariz. 292, 552 P.2d 453 (1976), and *Saline v. Industrial Commission*, 16 Ariz.App. 204, 492 P.2d 453 (1972). While this line of cases would preclude a reopening

when compensability was initially denied, the law of workers' compensation has significantly evolved since those cases were decided. More recently, the Arizona Supreme Court stated that the interpretation of the Workers' Compensation Act must conform to the remedial mandate of the Arizona Constitution in article 18, section 8, and that liberal construction and plain common sense should be used to ensure justice between the parties and to effectuate the purposes of the law. *Stainless*, 144 Ariz. at 16, 19, 695 P.2d at 265, 268. This, therefore, must be our guiding policy in addressing workers' compensation issues.

In *Stainless*, an injured worker was seeking to reopen his claim to take advantage of new developments in medicine which had been recommended to alleviate his pain after his claim had been closed. In determining that the claimant, whose physical condition had not changed since the claim was closed, could reopen his claim, the supreme court noted that there is "no provision in workers' compensation cases to allow a present award of benefits for treatment which may become necessary in the future" and that, because the results of accidents may not be determinable until a later time, the finality doctrine should only apply to conditions "existing and known" at the time of a benefits award. *Id.* For this reason, the court held that a change in either a claimant's physical condition or medical needs could warrant the reopening of a claim. *Id.* at 19, 695 P.2d at 268. This language indicates a significant shift away from the strict interpretation of workers' compensation law embodied in the line of cases upon which respondents rely.

Additionally, in *Circle K Corporation v. Industrial Commission*, 179 Ariz. 422, 880 P.2d 642 (App.1993), this court determined that, when a claimant had little prior financial incentive to litigate an issue, and therefore allowed a termination notice to become final, the claimant would not be precluded from a reconsideration of the issue when later difficulties provided such an incentive. *Id.*, at 426–27, 880 P.2d at 646–47; *see also Red Bluff Mines, Inc. v. Industrial Commission*, 144 Ariz. 199, 205, 696 P.2d 1348, 1354 (App.1984). According to the decision in *Cir-*

**218**

cle K, preclusion will only apply in a workers' compensation context when both of two conditions are met: the prior claim has become final pursuant to section 23–947(B) *and* the exceptions for either reopening or rearrangement, sections 23–1061(H) and 23–1044(F), have not been satisfied.

 *Circle K* exemplifies the type of construction mandated in *Stainless* and we therefore apply its reasoning to the case before us. Here, Gerhardt had absolutely no incentive or reason to request a hearing after receiving the notice of claim status related to his 1991 fall. He lost no wages because he missed no work. He was never billed for the medical services he received. His treating doctor believed his injury to be merely a strained back. A hearing on the notice at that time would have served no purpose. However, once his condition dramatically changed and required surgery, he not only developed sufficient incentive to litigate the issue of causation, but he also satisfied the threshold requirement of section 23–1061(H) when he claimed a new, additional or previously-undiscovered condition. His current, changed circumstance therefore warrants a hearing on the merits of his claim. Since the issue of causation has never been litigated, Gerhardt is entitled to a hearing on whether his 1993 injury is causally related to his 1991 fall at work.

Respondents would require a claimant to request a hearing on a notice of claim status, even when there is no disputed issue to address at the time, merely to preserve any unforeseen, related claim that may later arise. Such a result defies common sense. "This precedent would further neither the policies of fair compensation and reduction of litigation for injured workers upon which Arizona's workers' compensation law is based nor the policy of efficient use of the courts that justifies the application of preclusion." *Circle K*, 179 Ariz. at 428, 880 P.2d at 648. We reiterate, however, that an uncontested notice of claim status does have preclusive effect on limited issues. For example, Gerhardt cannot now claim that he is entitled to recovery of lost wages or medical bills incurred in 1991 since those claims would have

been existing and known at the time of his notice. However, as to unforeseen claims, the notice has no such preclusive effect and the Industrial Commission therefore has jurisdiction.

Because we determine that the ALJ should have permitted Gerhardt to reopen his 1991 claim rather than treat his petition as an untimely request for a hearing on the 1991 claim, we need not address whether he justifiably relied upon his general manager's statements.

The award is set aside.

GRANT, P.J., and VOSS, J., concur.