60 P.3d 258

ASARCO INC., Petitioner–Employer,

State Compensation Fund, Petitioner–Carrier,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent.

Roy D. Duke (Deceased), Respondent–Employee.

No. 1 CA–IC 01–0108.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 7, 2003.

John W. Main, P.C. by John W. Main, Phoenix, for Petitioner–Employer.

James F. Crane, Vice President & General Counsel, State Compensation Fund by James B. Stabler, Teri A. Thomson–Taylor, Phoenix, for Petitioner–Carrier.

Laura L. McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Moeller, Gage, Treadwell–Rubin, P.C. by Pamela Treadwell–Rubin, M. Ted Moeller, Tucson, for Respondent–Employee.

## OPINION

WEISBERG, Judge.

¶ 1 We review an Industrial Commission of Arizona ("Commission") award finding a Notice of Permanent Disability or Death Benefits to be final and res judicata notwithstanding its erroneous grant of excessive benefits. The issue is whether the notice is void *ab initio* or is final and res judicata. We affirm the award, concluding that it is final and res judicata.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Roy D. Duke ("Duke") was injured on February 20, 1996. When Duke died on January 25, 1999, his widow, Karla Duke ("Claimant"), filed a claim for widow's and dependent's death benefits on her own behalf and as guardian ad litem of their minor daughter Stephanie Duke.[1]

¶ 3 On November 30, 1999, the State Compensation Fund ("Fund") issued its notice awarding burial expenses and survivor benefits to Claimant ("November notice"). Although the amount of benefits are fixed by the statute in effect at the time of death, *Kisco, Inc. v. Industrial Commission*, 190 Ariz. 389, 390, 949 P.2d 49, 50 (App.1997), the Fund neglected to calculate them as mandated by the controlling statute on the date of Duke's death. Arizona Revised Statutes ("A.R.S.") § 23–1046(A)(1) through – 1046(A)(3) (1995). Instead, it calculated them under a 1999 revision to § 23–1046(A)(1) and –1046(A)(2), which became effective about one month after Duke's death. 1999 Ariz. Sess. Laws, ch. 331, § 11; A.R.S. § 23–1046(A)(1) and –1046(A)(2) (Supp.1999). This was a significant error for the Fund because it incorrectly increased burial expenses by $2000 and increased Stephanie Duke's monthly entitlement from fifteen percent to thirty-one .and two-thirds percent of Duke's average monthly wage, or from $315 to $665.07. *Compare* A.R.S. § 23–1046(A)(1) through –1046(A)(3) (1995) *with* A.R.S. § 23–1046(A)(1) and –1046(A)(2) (Supp.1999). The November notice was not challenged during its ninety-day review period. A.R.S. § 23–947(A) (1995).

¶ 4 On March 16, 2001, the Fund sent Claimant a letter informing her of its error. In the letter, the Fund waived reimbursement for the overpayment of $6,943.20, but gave notice that it intended to prospectively pay Stephanie Duke's benefit in accordance with the statute in effect at the time of Duke's death.

¶ 5 After Claimant sought an investigation pursuant to A.R.S. § 23–1061(J) (Supp. 2002), the Fund corrected its November notice by issuing its May 18, 2001, Notice of Permanent Disability or Death Benefits ("May notice"), and awarding benefits under

---

1. Claimant also filed a claim on behalf of their minor son; however, an award was not made to their son and there is no indication that Claimant appealed this issue.

the correct version of the statute. Claimant requested a hearing.

¶ 6 The facts were not disputed. The parties waived their hearing and submitted written legal arguments. The Administrative Law Judge ("ALJ") issued an award finding the November notice to be final and binding, and the March letter and May notice to be without effect. The decision was affirmed upon review and Petitioners brought this special action. We have jurisdiction under Arizona Rule of Procedure for Special Actions 10 (Supp.2000) and A.R.S. §§ 12–120.21(A)(2) (1992) and 23–951(A) (1995).

## STANDARD OF REVIEW

¶ 7 In the absence of a factual dispute, we review a challenge to the finality of a Commission notice de novo. *Special Fund. Div. v. Tabor,* 201 Ariz. 89, 92, 32 P.3d 14, 17 (App.2001).

## DISCUSSION

¶ 8 The Fund issued both its November and May notices pursuant to A.R.S. § 23–1061(F) (1995) and (Supp.1999), which authorizes a carrier's unilateral determination by notice in the administration of a worker's compensation claim subject to the claimant's right to request a hearing, and the carrier's right to rescind, correct or amend its notice, within ninety days. A.R.S. § 23–947(A) (1995); *Church of Jesus Christ of Latter Day Saints v. Indus. Comm'n ("Church"),* 150 Ariz. 495, 498, 724 P.2d 581, 584 (App.1986); *Nelson v. Indus. Comm'n,* 115 Ariz. 293, 295, 564 P.2d 1260, 1262 (App.1977). If no challenge is made within ninety days, the notice's determination becomes final and res judicata. A.R.S. § 23–947(B); *see also Cajun Cable Co. v. Indus. Comm'n,* 156 Ariz. 590, 595, 754 P.2d 317, 322 (App.1987) (holding that an interested party is bound by the time limits in A.R.S. § 23–947).

¶ 9 Once final, the determination is treated the same as a final Commission award. *County of Maricopa v. Indus.*

2. *Cf.* A.R.S. §§ 23–1061(H) (Supp.2002) and 23–1044(F) (Supp.2002) (mandating exceptions to prior final awards); *but see Gerhardt v. Indus. Comm'n,* 181 Ariz. 215, 217–18, 889 P.2d 8, 10–

*Comm'n,* 134 Ariz. 159, 162, 654 P.2d 307, 310 (App.1982).[2] Thus, A.R.S. § 23–947 is a statute of limitations. *Wilson v. Indus. Comm'n,* 147 Ariz. 261, 264, 709 P.2d 895, 898 (App. 1985).

¶ 10 A statute of limitations, however, does not bar an attack on a void judgment, *Brandt v. Brandt,* 76 Ariz. 154, 159, 261 P.2d 978, 983 (1953), and it is the Fund's position that its November notice is void. The Fund presents three arguments in support of its position, which we address in turn.

### I.

### Clerical Error

¶ 11 The Fund initially argues that its May notice is a permissible nunc pro tunc correction of a "clerical calculation error" in its November notice, citing for support *Hamer v. Industrial Commission,* 43 Ariz. 349, 31 P.2d 103 (1934). In *Hamer,* the court affirmed a Commission award that untimely amended a prior award, changing the phrase "total dependents" to "partial dependents" to make the record "speak the truth." *Id.* at 350, 31 P.2d at 104. The court thought the error to be merely "stenographic." *Id. Hamer* has been cited since for granting the Commission authority to make nunc pro tunc changes to correct clerical or stenographic errors in awards. *Martin v. Indus. Comm'n,* 63 Ariz. 273, 277, 161 P.2d 921, 923 (1945); *State Comp. Fund v. McComb,* 16 Ariz.App. 303, 304, 492 P.2d 1241, 1242 (1972).

¶ 12 Claimant responds, and we agree, that the Fund's mistake was not clerical, stenographic or transcriptional, but was instead a misapplication of the law. The May notice states that the November notice was issued "contrary to the provisions of A.R.S. § 23–1046 applicable to this claim and [is] therefore void," adding that benefits "were calculated incorrectly ... based on a statutory amendment not in effect as of Roy Duke's death...." Thus, misapplication of the law was the basis for granting excessive benefits, not clerical error.

11 (App.1994) (granting exception to finality when claimant petitioned to reopen a denied claim when he did not have sufficient financial incentive to litigate the prior denial).

¶ 13 We have previously held that a mistake of law resulting in the Commission's utilizing a wrong method for the computation of benefits is not a clerical error that will justify setting aside a final award. *See Page v. Indus. Comm'n,* 12 Ariz.App. 250, 251, 469 P.2d 484, 485 (1970); *Jacobsen v. Indus. Comm'n,* 11 Ariz.App. 105, 106, 462 P.2d 402, 403 (1969). We therefore do not set aside the award set forth in the November notice on the basis of clerical error.

## II.

### Res Judicata

¶ 14 The Fund's second argument relies on *Roseberry v. Industrial Commission,* 113 Ariz. 66, 546 P.2d 802 (1976). *Roseberry* directs that, even when a notice is final, the Commission retains jurisdiction over the notice if it is void on its face. *See id.* at 68, 546 P.2d at 804 (notice of claim status which is void on its face has no res judicata effect and cannot operate to deprive the Commission of jurisdiction over an otherwise valid claim). In *Roseberry,* which involved a reopening issue, our supreme court determined sua sponte that the Commission retained jurisdiction over Roseberry's claim, even after the carrier's notice of claim status terminating Roseberry's temporary benefits became final, because the notice was "void on its face." *Id.* The court did not specifically explain why it found the notice void, but *Roseberry's* facts reflect that the void notice was accompanied by a medical report that directly contradicted the notice's determination. Subsequently, *Roseberry* has been cited for the proposition that a notice is void if it directly contradicts the supporting information upon which it is based. *Velez v. Indus. Comm'n,* 174 Ariz. 307, 312, 848 P.2d 886, 891 (App.1993). The Fund now contends that its November notice is likewise void on its face because it determined benefits in an amount contrary to that allowed by the applicable 1995 statute.

¶ 15 Claimant responds that *Roseberry* does not control here because this case involves neither a notice of claim status nor a supporting medical report. She argues that *Roseberry* applies only when a notice of claim status is contradicted directly by the very medical report upon which it is based. *Chav-*

*is v. Indus. Comm'n,* 180 Ariz. 424, 429, 885 P.2d 112, 117 (App.1994); *Borquez v. Indus. Comm'n,* 171 Ariz. 396, 399, 831 P.2d 395, 398 (App.1991); *Church,* 150 Ariz. at 497, 724 P.2d at 583.

¶ 16 However, the cases interpreting *Roseberry* have not all been decided on such a narrow basis. For example, this court found a notice terminating benefits without permanent impairment for claim abandonment to be void under *Roseberry,* even though no report of any type had been submitted in support of the notice, for the reason that the notice contradicted an uncontroverted six-month-old medical report located in the carrier's file. *NCR v. Indus. Comm'n,* 142 Ariz. 167, 168–70, 688 P.2d 1059, 1060–62 (App. 1984); *compare with Minghelli v. Indus. Comm'n,* 129 Ariz. 222, 225, 630 P.2d 45, 48 (App.1981) (sustaining validity of final notice based on twenty-day letter without supporting medical documentation where claimant's inactivity supported the inference that the claim was abandoned).

¶ 17 This court went one step further in *Teller v. Industrial Commission,* 179 Ariz. 367, 369, 879 P.2d 375, 377 (App.1994). In *Teller,* the carrier issued a notice to a worker at an electronics assembly plant indicating that benefits paid in connection with the worker's asthma were terminated. *Id.* The notice was based on a "twenty-day letter" that stated the carrier's intent to terminate benefits in twenty days unless the claimant produced medical evidence to establish that her ongoing injury was caused by working conditions. *Id.* This court held that the notice was void on its face because it was based on a letter that asserted, without supporting medical evidence, that the symptoms were no longer related to the industrial injury. *Id.* at 374, 879 P.2d at 382.

¶ 18 Thus *Roseberry* has been applied in cases in which (1) the notice terminating benefits is directly contradicted by evidence in the record, or (2) the notice is totally unsupported by the record. The critical point made in the *Roseberry* line of cases is that, if the record contains evidence that directly contradicts the notice, or if the record is devoid of any information to support

the notice, then the notice has no basis and is void on its face. In other words, a carrier must have *some* information in the record to support its decision to terminate benefits.

¶ 19 Here, there is no allegation that the notice of benefits is contradicted by facts set forth in the record, such as the date of Duke's death. Nor is there any allegation that the notice of benefits is unsupported by information contained in the record. Instead, the Fund merely claims that the notice of benefits did not comply with the correct version of the statute—a wholly different matter than those matters present in the *Roseberry* line of cases. None of the cases following *Roseberry* deals with a situation like this, where the notice is contradicted by something not factual in nature and *outside* of the record. Therefore, even when reading the *Roseberry* line of cases in an expansive manner, we conclude that they do not control in this case.[3]

### III.

#### Statutory Authority

¶ 20 The Fund's third argument is that its November notice is void because it awarded benefits not authorized by the 1995 version of A.R.S. § 23–1046(A)(2) (1995), which was in effect at the time of Duke's death. The Fund cites *Godfrey v. Industrial Commission*, 124 Ariz. 153, 157, 602 P.2d 821, 825 (App.1979), in support of its argument.

¶ 21 In *Godfrey* the court found the carrier's notice suspending benefits during Godfrey's pregnancy to be void because the carrier lacked statutory authority to suspend benefits for its stated reason. *Id.* at 157–58, 602 P.2d at 825–26. In other words, the *Godfrey* notice was void because of a jurisdictional defect: the carrier had no authority to take the action it took.

¶ 22 In making its *Godfrey* argument, the Fund fails to take into consideration the following distinction made in *Godfrey:*

It must be noted that the carrier's action in the instant case is clearly distinguishable from those cases discussed earlier in this opinion in which the carrier is authorized to act but then acts wrongfully. *Cf., Nelson v. Industrial Commission, supra; Holmes Tuttle Broadway Ford v. Industrial Commission, supra; Davis v. Industrial Commission, supra.* In those instances, the carrier's action is entitled to finality unless a timely protest is made.

*Id.*

¶ 23 In the instant case, the Fund confuses the concept of lacking authority to act, which renders a determination void, with the concept of being authorized to act but acting erroneously, which merely renders a determination voidable upon timely appeal. *See Gallegos v. Indus. Comm'n,* 144 Ariz. 1, 4, 695 P.2d 250, 253 (1985) ("Right or wrong, the facts determined by a final order are binding."); *Church,* 150 Ariz. at 498, 724 P.2d at 584 (after the ninety-day protest period neither a claimant nor the carrier can avoid the effect of a notice by claiming it to be erroneous); *Cooper v. Commonwealth Title,* 15 Ariz.App. 560, 564, 489 P.2d 1262, 1266 (1971) ("The distinction between a judgment which is void on its face and one which is merely voidable is important, for the former may be attacked at any time, collaterally or otherwise, while the latter is subject only to direct attack.").

¶ 24 In several cases relying on *Godfrey,* the carriers committed errors during the exercise of proper authority. Regardless of the errors, the notices were held to be final because they had not been timely protested. *See Nelson,* 115 Ariz. at 295, 564 P.2d at 1262 (holding notice of disability to be final even though it erroneously granted scheduled rather than unscheduled disability); *Holmes Tuttle Broadway Ford v. Indus. Comm'n,* 27 Ariz.App. 128, 131, 551 P.2d 577, 580 (1976)

---

**3.** We note that, in *Chavis,* this court observed in dicta that *Roseberry* "does not essentially concern medical determinations but rather any determination that is contrary to the very information a carrier used to make the determination." 180 Ariz. at 429, 885 P.2d at 117. This statement is consistent with our holding—that where a notice is directly contradicted by substantive information in the record, whether the information is medical or otherwise, the notice is void on its face.

(holding notice terminating benefits to be final even though it violated the Commission's rule on effective retroactivity); *Davis v. Indus. Comm'n*, 26 Ariz.App. 355, 358, 548 P.2d 849, 852 (1976) (similar holding to *Holmes*); *McComb*, 16 Ariz.App. at 304, 492 P.2d at 1242 (holding Commission's notice of average monthly wage to be final even though McComb's spouse's earnings were incorrectly added to the basis used to calculate McComb's average monthly wage).

¶ 25 More recent cases continue to illustrate the point that an erroneous notice once final is not void, but is res judicata. *See, e.g., Borquez*, 171 Ariz. at 399, 831 P.2d at 398 (holding average monthly wage notice to be res judicata despite Commission's misapplication of law in figuring erroneously low wage); *Church*, 150 Ariz. at 498, 724 P.2d at 584 (holding notice terminating benefits with permanent impairment to be final even though claimant had no actual impairment).

¶ 26 Here, the Fund had statutory authority to issue its notice pursuant to § 23–1061(F). Therefore, the November notice was not void under *Godfrey*.

## CONCLUSION

¶ 27 For the foregoing reasons, we affirm the Commission's award. However, because we do not find this appeal to be frivolous or undertaken solely for delay, we deny Claimant's request, made pursuant to *Mother Tucker's Food Experience v. Industrial Commission*, 142 Ariz. 496, 501, 690 P.2d 797, 802 (App.1984), for reimbursement of costs and reasonable attorneys' fees,

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and PATRICK IRVINE, Judge.