NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JENNIFER PRINTZ, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

GREATHEARTS AMERICA, *Respondent Employer*,

PACIFIC COMPENSATION INSURANCE CO., *Respondent Carrier.*

No. 1 CA-IC 24-0058

FILED 08-05-2025

Special Action - Industrial Commission
ICA Claim No. 20231720030
Carrier Claim No. 1000072421
The Honorable Colleen Marmor, Administrative Law Judge

**AFFIRMED**

COUNSEL

Taylor & Associates P.L.L.C, Phoenix
By Thomas C. Whitley, Nicholas C. Whitley
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Pacific Compensation Insurance Company, Phoenix
By Travis M. Wheeler
*Counsel for Respondent Employer and Carrier*

---

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**B E C K E**, Judge:

**¶1** Petitioner Jennifer Printz challenges the denial of her workers' compensation claim for mold exposure while working for Respondent Greathearts America. The Industrial Commission of Arizona ("ICA") precluded Printz from bringing her claim a second time after she failed to timely challenge the denial of an identical claim she filed earlier. We affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2** We view the evidence in the light most favorable to sustaining the ICA award. *W. Millwork v. Indus. Comm'n*, 256 Ariz. 177, 180, ¶ 13 (App. 2023).

**¶3** In September 2022, Printz worked as a teacher at Scottsdale Preparatory Academy, owned and operated by Greathearts. According to her injury report, she became "uncharacteristically ill" and took pictures of mold at the school. She obtained a sample of the mold and had it tested, which she reported came back positive for aspergillus, a fungus that can cause respiratory and sinus infections.

**¶4** In October 2022, she reported that she had been treated by specialists for several ailments: "I have no doubt that my illness was directly tied to the mold exposure I experienced at Scottsdale Prep." She then filed a worker's report of injury on October 17, 2022 ("the first application"), in which she described her injury as "[s]inus infection cause[d] by Aspergillus mold . . ." and listed her date of injury as September 13, 2022.

2

**¶5** Respondent Pacific Compensation Insurance Company issued a November 7, 2022 notice of claim denying Printz's claim. Printz had 90 days to protest the denial of her claim, *see* A.R.S. § 23-947(A), but failed to do so.

**¶6** On June 21, 2023, Printz filed another injury report for mold exposure, this time with an injury date of May 15, 2023 ("the second application"). Respondents again timely denied her claim. This time, Printz timely filed a hearing request. The assigned ICA Administrative Law Judge ("ALJ") set the case for an evidentiary hearing.

**¶7** Before the hearing, Respondents asked the ALJ to vacate the hearing and dismiss Printz's claim for lack of jurisdiction. They argued Printz was not entitled to a hearing on the denial of her second application because she did not timely request a hearing on the denial of her first application. Printz responded, urging the ALJ to treat the first filing as "mere[] speculation" and a "nullity" because she did not have medical diagnoses "based on all of her symptoms and conditions" at that time.

**¶8** The ALJ rejected Printz's argument, concluding the second application was "for the same alleged exposure to mold" as the first filing. Because Printz did not request a hearing within 90 days of the denial of the first filing, the ALJ reasoned, Printz was not entitled to a hearing on that claim. Printz moved for reconsideration, maintaining she lacked sufficient medical evidence in October 2022 when she filed the first claim, but she obtained that evidence by May 2023 when she filed the second application. For that reason, she contended, the ALJ should treat the first application as a "nullity." Printz did not argue her second application concerned a different injury than the first. The ALJ rejected that argument and affirmed the second denial.

**¶9** Printz filed a statutory special action for judicial review of the ICA award denying her claim. We have jurisdiction under A.R.S. §§ 12-120.21(B) and 23-951(A).

## DISCUSSION

**¶10** We will affirm the Department's determination unless it is "contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(F). We defer to the ALJ's factual findings, but review questions of statutory interpretation *de novo. See Special Fund Div. v. Indus. Comm'n of Ariz.*, 252 Ariz. 267, 269, ¶ 6 (App. 2021). And we "interpret all statutes and all agency rules without deference to any previous determination that may have been made on the

question by the agency." *Indus. Comm'n of Ariz. Lab. Dep't v. Indus. Comm'n of Ariz.*, 253 Ariz. 425, 514, ¶ 10 (App. 2022) (citation modified) (discussing A.R.S. § 12-910(F)).

**¶11**　　　　Section 23-947 is a statute of limitations. *Asarco Inc. v. Indus. Comm'n*, 204 Ariz. 118, 120 (App. 2003). A claimant is not entitled to a hearing "on any question relating to a claim," unless the claimant (1) files a proper and timely application for compensation and (2) requests a hearing within 90 days of a notice of denial of the claim. A.R.S. § 23-947(A). If a claimant does not timely request a hearing, the denial becomes "final and res judicata to all parties." § 23-947(B).

**¶12**　　　　Here, Printz filed her first application in October 2022, but did not timely request a hearing when Pacific Compensation denied that application in November 2022. Instead, she filed her second application, which Pacific Compensation also denied. She first requested a hearing in October 2023.

**¶13**　　　　Reasonable evidence supports the ALJ's findings. Printz's second application was for the same injury as the first, and Printz makes no argument to the contrary. Because Printz filed the October 2023 request for hearing more than 90 days after Pacific Compensation denied her application, A.R.S. § 23-947(A) precludes a hearing, and § 23-947(B) makes the denial final.

**¶14**　　　　Nor do we find persuasive Printz's contention that her first filing was a "nullity" because she did not fully understand the medical consequences of what she believed was exposure to mold in her workplace. The ALJ found that Printz "recognized the nature of her injury, the seriousness of it, and the probable relationship between the injury and her employment" when she first reported her injury in 2022. Nothing more is required. *Pitts v. Indus. Comm'n*, 246 Ariz. 334, 336, ¶ 12 (App. 2019); *accord* A.R.S. § 23-1061(A). And filing the same claim multiple times, even if it is denied multiple times, does not extend the time to request a hearing under A.R.S. § 23-947(A).

**¶15**　　　　Printz relies on *Henry v. Industrial Commission*, 157 Ariz. 67 (1988), to show she could not file her application until she was aware of the severity of her medical condition. In *Henry*, our supreme court concluded an application was timely even though the injury occurred 24 years earlier. *Id.* at 69–70. *Henry* explained that the one-year statute of limitations to file a claim under A.R.S. § 23-1061(A) "runs from the time the injury becomes manifest." *Id.* at 69. And in that case, the injury had not manifested until

many years later. Printz misplaces her reliance on *Henry* because her injury was manifest and she timely filed her first application in October 2022. She simply failed to request a hearing within 90 days of receiving the Pacific Compensation's denial of that application. Section 23-947(A) therefore applies, and *Henry* does not.

¶16       Refiling a claim for the same injury does not extend the time to request a hearing under § 23-947(A). Once Pacific Compensation denied Printz's claim, she had 90 days to request a hearing. She did not. Her failure to do so rendered the denial "final and res judicata" under § 23-947(B).

## CONCLUSION

¶17       We affirm the denial of Printz's claim.

