[Civil No. 3811.   Filed June 29, 1937.]

[70 Pac. (2d) 330.]

WILLIAM BYERS and THE BANK OF ARIZONA, Appellants, v. LEE COMER, Appellee.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Appellants.

Mr. Will E. Ryan, for Appellee.

ROSS, J.—Appellants in a motion for rehearing complain of the court's failure to pass upon assignments 2 and 4. It appears we did overlook these assignments, but it was because appellants paid little or no attention to them in their briefs.

In 1934, and during a preceding term of office of appellant Byers, plaintiff Comer sued out a writ of garnishment and caused it to be served on the county in an effort to subject appellant's salary to the payment of his judgment. At that time the superior court held the assignment to the bank by appellant of his salary, although unearned, was legal and denied the garnisher any relief by reason of the proceeding. No appeal was taken from the judgment therein and, whether right or wrong, it became final.

The present garnishment proceeding was an effort on the part of plaintiff Comer to do just what the court in 1934 had denied him the right to do, and

appellants contend by their assignment 2 that the former judgment is *res judicata* or *stare decisis*.

■■ Each of these garnishment proceedings was separate from the other. A writ was sued out each time and served upon the county, the last for a salary earned in August, 1935, and the first for a salary earned in 1934 and during a preceding term. There is lacking identity of subject-matter. The evidence to support one is different from that in the other proceeding. The necessary elements to sustain the plea of *res judicata* are lacking. 34 C. J. 802, § 1225. We do not understand the law to be that, because a garnisher failed to appeal in the first garnishment proceeding, he may not appeal and have the court's ruling reviewed in the second one; and appellants fail to cite any authorities to the contrary.

■ A decision of a superior court holding that a public officer may lawfully assign his unearned salary would hardly be called "a precedent which is not afterwards to be departed from," especially where it is clearly erroneous and no general rule of property rights is disturbed. Bouvier's Law Dictionary, Rawle's Third Revision, page 2655 (Baldwin's Ed. 1934).

Assignment 4 is directed at the court's failure to allow appellant Byers his claim of exemption. Section 4274, Revised Code of 1928, provides:

"One-half of the earnings for personal services rendered at any time within thirty days next preceding the service of the writ shall not be subject to garnishment when such earnings are necessary for the support of the family of the debtor, supported wholly or in part by his labor."

Before the court entered judgment, this claim of exemption, showing the necessary facts, was made. Of course, the judgment should have allowed the exemption.

It is so obviously right that this exemption should have been allowed that the direction is that the judgment be modified as indicated, that is to say, be cut in half.

McALISTER, C. J., and LOCKWOOD, J., concur.