648 P.2d 139

Jack COHEN, aka Jack Collins (Deceased), Barbara Cohen (Widow), Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Transcontinental Mortgage Corp., Respondent Employer,

The Ohio Casualty Insurance Company, Respondent Carrier.

No. 1 CA–IC 2463.

Court of Appeals of Arizona, Division 1, Department C.

April 29, 1982.

Rehearing Denied June 15, 1982.

Review Denied July 7, 1982.

Spencer K. Johnston, Phoenix, for petitioner employee.

James A. Overholt, Acting Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Jennings, Kepner & Haug by Craig R. Kepner, Diane D. Hienton, Phoenix, for respondent carrier.

OPINION

CONTRERAS, Judge.

At issue in this special action review of an Industrial Commission award is whether the administrative law judge abused his discretion in dismissing petitioner's claim as untimely filed without a meritorious excuse. We conclude that he did, and therefore set aside the award.

BACKGROUND

The essential dates and events are these:

March 28, 1978   Jack Cohen (Collins) was killed in Florida, allegedly within the course of his employment.

August 3, 1978   Eugene Keller, counsel for the estate of Jack Cohen, having been contacted by the stepson of Barbara Cohen, the widow (hereafter petitioner), wrote to the insurance agency which had sold respondent carrier's policy to respondent employer. Keller advised the agency of Cohen's death and inquired about procedures for making a claim on behalf of the estate and/or the widow.

August 8, 1978 The insurance agency sent Keller an Employer's Report of Industrial Injury, but not a Widow's Claim. The accompanying letter stated:

Enclosed please find Workmen's Compensation forms to be filled out for the claim on Jack Cohen. . . .

October 13, 1978 The Employer's Report, filled in by petitioner, was sent to the insurance agency, and subsequently forwarded to the carrier.

October 17, 1978 The carrier filed the Employer's Report with the Industrial Commission.

May 11, 1979 Counsel for the estate called the Industrial Commission, inquired about the status of the claim, and was informed that a Widow's Claim should be filed.

August 1, 1979 Petitioner filed Widow's Claim with the Industrial Commission, one year and four months after Jack Cohen's death.

Subsequently, the carrier denied the claim. Pursuant to petitioner's request a hearing was held limited to the question arising from the late filing of petitioner's claim. The administrative law judge issued a decision dismissing the claim. That decision included the following dispositive finding:

15. The evidence does not establish that the approximate, four-month delay in the filing of the claim was excessive under the circumstances or that the carrier was prejudiced. However, the evidence also does not establish that the applicant has a meritorious reason for the late filing of the claim. Therefore, the late filing is not excused.

The decision was affirmed on administrative review and this special action review followed.

Since the late filing occurred prior to the effective date of the current A.R.S. § 23–1061(A), relief from the late filing is governed by the three-part test developed in *Kleinsmith v. Industrial Commission*, 26 Ariz.App. 77, 546 P.2d 346 (1976), *approved and adopted*, 113 Ariz. 189, 549 P.2d 161

(1976), and *Andrew v. Industrial Commission*, 118 Ariz. 275, 576 P.2d 134 (App.1977). The administrative law judge found that the delay was not excessive and the carrier was not prejudiced. Accordingly, the only issue on appeal is whether petitioner presented a meritorious reason underlying the late filing so as to excuse it. We conclude that she did present facts which constituted a meritorious excuse.

First, petitioner originally filed the wrong form with the Industrial Commission. That form had been provided by the insurance agency. Respondent asserts that since no misrepresentation was made by either the carrier or the employer, *St. Paul Fire & Marine Ins. Co. v. Industrial Commission*, 25 Ariz.App. 595, 545 P.2d 443 (1976), is inapplicable and petitioner is not entitled to relief. We disagree. The issue is not limited to whether any of the respondents actively misled petitioner (intentionally or not), *see Keeler v. Industrial Commission*, 122 Ariz. 16, 592 P.2d 1282 (App. 1979). Rather, the broad issue in this case requires a consideration of whether petitioner's error was the result of her reasonable reliance on incorrect information. In other words, any element of "fault" is not conclusive. Even if the insurance agency was not the agent of either the carrier or employer, it did hold itself out as informed and competent to advise on workmen's compensation claims. Keller informed the agency that Cohen was dead and a widow's claim was at least contemplated, but the form supplied was inappropriate for that purpose. We believe that petitioner was justified in assuming that the agency's letter with the included form was responsive to Keller's inquiry. Her reasonable reliance on that letter was a factor to be considered in determining whether there was a meritorious excuse for the delay.

Second, after the incorrect form was filed in October 1978, the Industrial Commission took no action for seven months, until contacted by Keller in May 1979. A.R.S. § 23–1061(C) provides:

C. If the commission receives a notification of the injury, the commission shall send a claim form to the employee.

The Commission offered no explanation other than computer malfunction or oversight or clerical error for its failure to comply with the statutory directive. The result was that petitioner did not even receive the correct form until more than a year after the death of Jack Cohen. The administrative law judge dismissed the significance of this factor, stating that it was

> not established that there was any intention in the enactment of A.R.S. § 23–1061(C) to make the Commission the entity which would ultimately be responsible for the timely filing of claims, or to shift the burden of timely filing from a claimant to the Industrial Commission.

Similarly, respondents argue that the Commission's failure to send the proper claim form does not result in an automatic waiver of the one-year statute of limitations. Both the administrative law judge's finding and respondent's related argument miss the point. The issue is not whether the Commission neglected some statutory duty, nor whether such neglect would, in every case, provide relief from the one-year filing requirement, but whether petitioner's error, in this particular case, was the result of her reasonable assumption that lack of communication from the Commission indicated that her claim was being processed. We believe that it was.

The administrative law judge disposed of both the above excuses by finding that, even had petitioner been furnished the correct forms, she still probably would have not made a timely filing.

> 8. Insofar as applicant's reason for the late file is that she relied upon others to do it, and they apparently did not do it in a timely manner, it is concluded that this is not a meritorious reason within the meaning of The Workmen's Compensation Act.
>
> . . . .
>
> 13. The applicant stated that if the Commission had sent a claim form to her timely she would have signed it and filed it immediately, or she would have called the office of the employer. However, it is apparent from the remainder of her

testimony that if she had received the claim form she would have left it to others to handle. And the evidence does not establish that if she had left it to others to handle the claim would have been filed timely. In fact, from the circumstances revealed by the evidence it is equally if not more reasonable to infer that there would have been just as great a chance that the claim would not have been timely filed, even if it had been sent to the applicant, since the applicant would have relied upon other people to do it for her.

We find no support in the record for these speculative "findings". The delay from August 3, 1978, when Keller made the first inquiry of the insurance agency, until October 17, 1978, when the wrong form was filed with the Commission, was only two and one-half months. Likewise, the delay from May 11, 1979, when Keller made his inquiry to the Commission, until August 1, 1979, when the correct form was finally filed with the Commission, was only two and one-half months. There is nothing in the record to suggest that, had petitioner been furnished the correct form in August 1978, she would not have filed it by October 1978, i.e., well before the year expired. Similarly, there is nothing in the record to suggest that there would not have been a timely filing if the Commission had met its statutory directive and provided petitioner with the correct form in October 1978. The "finding" that, had she been furnished the correct form in August 1978 or October 1978, she would likely not have filed it by March 1979 is pure speculation.

To the extent that the administrative law judge discounted petitioner's excuse because of her reliance on others, specifically her stepson and attorney Keller, we fail to see the logic involved. We do not believe that petitioner's reliance on others adds or subtracts anything from the merits of her excuses. Likewise, respondents' contention that petitioner's reliance on others amounted to an "intentional renunciation of responsibility" or deliberate relinquishment of her claim is clearly without merit.

Petitioner, having shown that the insurance agency provided her the incorrect form and that the Commission failed to take the action which would have corrected the error, demonstrated a meritorious reason underlying the late filing, and the administrative law judge abused his discretion in finding otherwise.

The award is set aside.

EUBANK and HAIRE, J., concur.