724 P.2d 581

## CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, Petitioner Employer,

**Church of Jesus Christ of Latter Day Saints, c/o Risk Management Division, Petitioner Carrier,**

v.

## The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

**Gilbert Estrada, Respondent Employee.**

### No. 1 CA–IC 3334.

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 20, 1986.

Law Office of John F. Day, P.C. by John F. Day, Phoenix, for petitioner employer and petitioner carrier.

Dennis P. Kavanaugh, Chief Counsel Industrial Com'n of Arizona, Phoenix, for respondent.

Schiffman, Hozier & Kurth, P.C. by Dennis R. Kurth and Chris T. Johnson, P.C., Phoenix, for respondent employee.

JACOBSON, Judge.

The issue raised in this review of an award of the Industrial Commission is whether a carrier may "correct" a Notice of Claim Status, finding a permanent disability, more than 90 days after the Notice is issued.

The facts are basically undisputed. The claimant, Gilbert Estrada, was injured while employed by the Church of Jesus Christ of Latter-Day Saints [1] at the L.D.S. Church Farm. On April 14, 1983, the carrier issued a Notice of Claim Status closing the claim as of March 8, 1983, with an unscheduled permanent impairment. No medical report supporting the closing was filed with the Commission.

On April 17, 1983, the Commission notified the carrier of the lack of a medical report and requested submission of form 107, which triggers a determination of benefits. In early May, 1983, the carrier responded to this inquiry by sending the Commission a medical report authored by Dr. John Whisler. This report opined that "patient is just about the same and is at

---

1. The employer is a self insurer and will hereafter be referred to as the "carrier".

the stage now where decisions will have to be made. I do not feel that he is physically capable of returning to the rigors of his former work, namely that of heavy equipment operator...."

Upon receiving this report, a Commission employee informed the carrier that the medical report might not support a finding of permanent impairment and suggested either a further medical report or a rescinding Notice of Claim Status. Consequently, the carrier scheduled an independent medical examination of the claimant, by Dr. Gerald Moczynski for July 21, 1983. This examination did not take place, however, until sometime in October, 1983, at which time Dr. Moczynski determined that the claimant could be discharged with no permanent physical impairment attributable to the industrial accident.

On February 9, 1984, the carrier issued an "amended" Notice of Claim Status, which stated that claimant was discharged as of March 8, 1983, with no permanent disability. The Notice stated, "Amend April 14, 1983 Notice as we have been advised by the Industrial Commission that the notice was improper and should be rescinded."

This amended Notice was timely protested and following hearings, the Administrative Law Judge entered an award finding that the April 14, 1983 Notice of Claim Status, not having been protested within 90 days of its issuance, became res judicata as to claimant's physical condition, and that the Notice of February 6, 1984, was null and void.

The carrier has sought review contending the award is improper because:

(1) The April 14, 1983 Notice of Claim Status was void pursuant to *Roseberry v. Industrial Commission,* 113 Ariz. 66, 546 P.2d 802 (1976);

(2) The February 6, 1984 Notice of Claim Status is entitled to be given effect, because it was issued pursuant to the Commission's direction, and

(3) A procedure must be judicially established to allow a carrier to correct an inaccurate Notice of Claim Status.

■ Turning first to the *Roseberry* issue, the carrier contends that since its April 14, 1983 Notice of Claim Status was not supported by Dr. Whisler's report, the Notice is void. In *Roseberry,* the Arizona Supreme Court held that a Notice of Claim Status which was unsupported by the medical report on which it was based, was void on its face and therefore not entitled to *res judicata* effect. As subsequent cases have made clear, the voidness doctrine of *Roseberry* is applicable only where the Notice of Claim Status is directly contrary to the medical report upon which it is based. *See Calixto v. Industrial Commission,* 126 Ariz. 400, 616 P.2d 75 (App.1980); *NCR Corp. v. Industrial Commission,* 142 Ariz. 167, 688 P.2d 1059 (App.1984).

The Administrative Law Judge correctly concluded that Dr. Whisler's report was not "directly contrary" to the Notice of Claim Status indicating a permanent disability. While this report did not unambiguously find a "stationary condition" with "permanent function impairment" it did indicate that the claimant's condition was "just about the same" and that he could not return to his pre-injury employment. The report thus raises inferences of a stationary condition and a lessening of post injury working capabilities. Given these inferences, the report is not directly contrary to the Notice of Claim Status and is, therefore, not void under *Roseberry.*

■ The carrier next argues that because the February, 1984 Notice of Claim Status was issued at the insistence of the Industrial Commission, it must be given precedence over any *res judicata* effect of the April, 1983 Notice. This argument is based upon the contention that it had a right to rely upon the representation of an employee of the Commission that the April Notice of Claim Status was not supported by a medical report and that the time limit of 90 days would not commence until a proper Notice was filed. This "reliance" argument is based upon the holding in *Cohen v. Industrial Commission,* 133 Ariz. 24, 648 P.2d 139 (App.1982). *Cohen,* held

that a claimant who received the wrong form from a carrier and timely filed it, had a right to rely on the correctness of the form. The claimant was thus excused from filing a correct form within the proper time period.

The claimant in *Cohen* is a far cry from a carrier. Such a carrier is charged, under the law with the duty and privilege of making initial ex parte decisions related to the processing of claims and payments of benefits under the Workers' Compensation Act. *Holmes Tuttle Broadway Fund v. Industrial Commission,* 27 Ariz.App. 128, 551 P.2d 577 (App.1976). No such duty evolves upon a claimant. Under this statutory scheme, a degree of expertise on the part of the carrier is implied. This is the antithesis of the naivete of the claimant in *Cohen* and we therefore reject any "reliance" by this carrier which would avoid the res judicata effect of the April Notice of Claim Status.

 Likewise, we reject the implied contention that a claims technician could bind the Commission as to the effect of Dr. Whisler's report. Such a procedure would be completely contrary to the right of the carrier to process its claims.

◾ Finally, the carrier argues that giving res judicata effect to the April Notice of Claim Status, and not allowing the carrier to "correct" its error results in the claimant being unjustly enriched. This, it is contended, is contrary to the legislative scheme that only "valid" claims be compensated.

As has been pointed out numerous times by this court, principles of res judicata are concerned with finality, not correctness. *Byers v. Comer,* 50 Ariz. 134, 70 P.2d 330 (1937). Res judicata principles take effect under A.R.S. § 23–947 after 90 days. It is clear from the testimony that the practices of the Commission are to allow a carrier to unilaterally rescind or amend a previously issued Notice of Claim Status within the 90

day statutory period. Thus, both the claimant and the carrier may void the binding effect of a Notice of Claim Status within this time frame—the claimant by filing a request for hearing and the carrier by simply issuing a new Notice. However, after that period has expired, the claimant cannot avoid the effect of the notice by simply claiming it is erroneous. Neither can the carrier.[2]

We therefore hold that the carrier is bound by its own Notice of Claim Status after 90 days and find no exceptions to the principles of res judicata applicable to the April, 1983 Notice. The award of the Commission is affirmed.

GRANT, P.J., and SHELLEY, J., concur.

---

**2.** We assume that the carrier, as well as the claimant, may avoid the "erroneous" effect of a final Notice of Claim Status by utilizing the rationale of *Gallegos v. Industrial Commission,*

144 Ariz. 1, 695 P.2d 250 (1985). We express no opinion as to whether that rationale is available to the carrier under the circumstances presented here.