FILED BY CLERK

NOV -1 2011

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

SPECIAL EVENTS SERVICE, INC.,           )
                                        )    2 CA-IC 2011-0010
            Petitioner Employer,        )    DEPARTMENT A
                                        )
ZURICH AMERICAN INSURANCE               )    O P I N I O N
CO.,                                    )
                                        )
            Petitioner Insurer,         )
                                        )
            v.                          )
                                        )
THE INDUSTRIAL COMMISSION               )
OF ARIZONA,                             )
                                        )
            Respondent,                 )
                                        )
ROBERTO DOMINGUEZ,                      )
                                        )
            Respondent Employee.        )
                                        )

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 20081330045

Insurer No. 2080186568

Deborah P. Hansen, Administrative Law Judge

AWARD SET ASIDE

Doherty & Venezia, P.C.
  By Stephen M. Venezia                                          Phoenix
                                                   Attorneys for Petitioners
                                                    Employer and Insurer

The Industrial Commission of Arizona
  By Andrew F. Wade

Phoenix
Attorney for Respondent

Tretschok, McNamara & Miller, P.C.
  By J. Patrick Butler

Tucson
Attorneys for Respondent Employee

B R A M M E R, Judge.

¶1        In this statutory special action, petitioners employer Special Events Service,

Inc. (Special Events) and its insurance carrier Zurich American Insurance Co. (Zurich)

challenge the administrative law judge's (ALJ) decision upon hearing and decision upon

review, which closed respondent employee Roberto Dominguez's claim as an

unscheduled injury and applied the principle of res judicata to the carrier's notice

designating the disability as unscheduled.  For the reasons stated below, we set aside the

award.

## Factual and Procedural Background

¶2        We view the evidence in the light most favorable to affirming the Industrial

Commission's (commission) findings and award.  *Polanco v. Indus. Comm'n*, 214 Ariz.

489, ¶ 2, 154 P.3d 391, 392-93 (App. 2007).  On April 30, 2008, Dominguez injured his

left wrist while working for Special Events.  Dominguez filed an application for benefits,

which Zurich initially accepted and closed finding no permanent disability.  Zurich later

voluntarily re-opened Dominguez's claim and, on April 26, 2010, filed a notice of claim

2

status ("Form 104") closing the claim and stating Dominguez's injury had resulted in a permanent disability.

¶3    On the same day, Zurich filed a notice of permanent disability and request for determination of benefits ("Form 107"), which stated Dominguez had an "[u]nscheduled permanent partial disability" pursuant to A.R.S. § 23-1044(C). On June 29, a Zurich senior claims examiner received a telephone call from the commission advising that Zurich had filed the incorrect form and instead should file a notice of permanent disability or death benefits ("Form 106"). On July 30, Zurich filed a Form 106 "[r]escinding" the April Form 107 and stating Dominguez had an eighteen percent disability to the "upper extremi[]ty," which was compensable as a scheduled injury pursuant to A.R.S. § 23-1044(B)(12).

¶4    Dominguez filed a request for a hearing before the commission, arguing the Form 106 Zurich had filed in July was void because "[t]he April 26, 2010 form 107 notice has become final and the carrier cannot 'rescind it' after . . . 90 days has expired." The ALJ held a two-day hearing and decided the Form 107 filed in April was "entitled to finality pursuant to the principles of res judicata." Therefore, she directed the claim to be closed as an unscheduled injury. Special Events and Zurich filed a request for review of the ALJ's decision, arguing the Form 107 was not entitled to finality as a matter of law. In a decision upon review, the ALJ affirmed her previous decision.

¶5    This special action followed. We have jurisdiction pursuant to A.R.S. § 23-951.

3

**Discussion**

¶6        We limit our review to "determining whether or not the commission acted without or in excess of its power" and whether the findings of fact support the ALJ's decision. § 23-951(B). Although we defer to the ALJ's factual findings, we review questions of law de novo. *Hahn v. Indus. Comm'n*, 227 Ariz. 72, ¶ 5, 252 P.3d 1036, 1038 (App. 2011).

¶7        The ALJ determined the Form 107, which designated Dominguez's injury as unscheduled, "was not void or voidable" because its issuance had not been merely a clerical error, and it thus was "entitled to finality" pursuant to the principle of res judicata. Special Events and Zurich argue the ALJ erred in applying the principle of res judicata to the Form 107 because that form "is only a notice to the Industrial Commission of Arizona to determine whether the injured worker is entitled to permanent compensation benefits," and therefore is not subject to the principle of res judicata.[1] We agree.

---

[1]Dominguez alleges Special Events and Zurich cannot argue on review in this court that a Form 107 never becomes final, contending that argument has been waived because it had not been raised previously. Special Events and Zurich, however, argued in their request for review of the ALJ's decision upon hearing the precise issue they present here. The waiver rule stems "from the requirement that administrative remedies be exhausted before court relief is sought," and the inclusion of the argument in the request for review is sufficient to fulfill this purpose and allow the ALJ to correct any legal error. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94, 559 P.2d 212, 214 (App. 1977) (rejecting argument on appeal not raised before commission "either at the hearing or in petitioner's request for review"); *see also T.W.M. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, ¶ 4, 6 P.3d 745, 748 (App. 2000) (purpose of waiver rule to "give the ALJ the opportunity to correct any legal error"). Although arguments concerning res judicata not raised before the commission are "waived and may not be raised for the first time on

4

**¶8** Section 23-947(A), A.R.S., establishes a ninety-day period within which to file a request for a hearing after "notice of a determination by the commission, insurance carrier or self-insuring employer." After ninety days, the failure to file a request for a hearing by any party means the determination "is final and res judicata to all parties." § 23-947(B); *see also Church of Jesus Christ of Latter Day Saints v. Indus. Comm'n*, 150 Ariz. 495, 498, 724 P.2d 581, 584 (App. 1986) (res judicata takes effect after ninety days). "The prerequisites for preclusion include a final judgment on the merits," such as an unprotested Form 104. *Tucson Steel Div. v. Indus. Comm'n*, 154 Ariz. 550, 554, 744 P.2d 462, 466 (App. 1987); *see also Phx. Cotton Pickery v. Indus. Comm'n*, 120 Ariz. 137, 138-39, 584 P.2d 601, 602-03 (App. 1978) (unprotested notice of claim status final as to merits of carrier's determination).

**¶9** Other cases addressing the preclusive effect of a Form 107 have determined it is not subject to protest and thus cannot become final. *See, e.g.*, *Special Fund Div./No Ins. Section v. Indus. Comm'n*, 181 Ariz. 387, 391, 891 P.2d 854, 858 (App. 1994); *Tucson Steel*, 154 Ariz. at 555, 744 P.2d at 467. Additionally, these cases note that unlike Forms 104 and 106, Form 107 does not contain a "notification of protest rights" under § 23-947. *Special Fund*, 181 Ariz. at 389, 891 P.2d at 856; *Tucson Steel*, 154 Ariz. at 552, 744 P.2d at 464. A Form 107 notice requesting a determination of benefits by the commission "merely initiates" the process whereby the commission receives medical

---

appeal," *Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 44, 676 P.2d 1096, 1102 (1983), the issue here was not raised for the first time on review in this court.

reports and issues an award. *Tucson Steel*, 154 Ariz. at 554-55, 744 P.2d at 466-67. It is that subsequent award, and not the notice, that is subject to finality if it is not protested within ninety days. *Id.* at 554, 744 P.2d at 466. Conversely, a Form 104 notice of claim status designates whether an injury resulted in permanent impairment, or whether a petition to reopen a claim is accepted or denied, and becomes final if unprotested. *Id.*

¶10        No Arizona case addresses the precise issue presented here—whether the designation of a disability as "unscheduled" in a Form 107 becomes final pursuant to the principle of res judicata if not protested or rescinded within ninety days.[2] A statute's plain language is the best indicator of its meaning. *Hahn*, 227 Ariz. 72, ¶ 7, 252 P.3d at 1038. And although we liberally construe Arizona's Workers' Compensation Act "'to effect its purpose of having industry bear its share of the burden of human injury as a cost of doing business,'" a "'liberal construction . . . is not synonymous with a generous interpretation' and we are constrained by the plain language of the Act." *Id.*, *quoting Putz v. Indus. Comm'n*, 203 Ariz. 146, ¶ 24, 51 P.3d 979, 983-84 (App. 2002). By its plain language, § 23-947(B) applies only to a "determination by the commission, insurance carrier or self-insuring employer." The issuance of a Form 107 and designation of the type of disability is not a "determination," but rather requests that the commission

---

[2]The ALJ relied on *Latter Day Saints*, 150 Ariz. 495, 724 P.2d 581, and Dominguez urges the applicability of that case here. However, it is distinguishable. There the court addressed the preclusive effect of a Form 104 and determined a carrier is bound by its own notice of claim status after ninety days pursuant to the principle of res judicata. *Id.* at 498, 724 P.2d at 584. As discussed above, a Form 104 is substantively different than a Form 107, can be protested, and is a determination subject to finality.

make a determination of compensation. *See* A.R.S. § 23-1047. Therefore, we decline to re-write § 23-947 to include the unscheduled disability designation on the Form 107 filed here.

**¶11** The purpose of § 23-947 was to abrogate case law that broadly had authorized the commission to excuse untimely hearing requests. *Aldrich v. Indus. Comm'n*, 176 Ariz. 301, 306, 860 P.2d 1354, 1359 (App. 1993). This purpose is not advanced by applying the principle of res judicata to a Form 107 because a party can file a timely request for a hearing after the commission makes a final determination at the conclusion of the process begun by filing a Form 107. *See* § 23-1047(C). And preclusion applies only to issues previously litigated or that could have been litigated, *Aldrich*, 176 Ariz. at 306, 860 P.2d at 1359, such as the commission's final determination following the filing of a Form 107. Moreover, the Form 107 approved by the commission and described in Arizona Administrative Code R20-5-106(A)(7) does not contain a notice of hearing and appeal rights, and "[w]e give great weight to an administrative agency's interpretation of the statutes it is responsible for implementing." *Aldrich*, 176 Ariz. at 306, 860 P.2d at 1359.

**¶12** Our conclusion that a Form 107 cannot be protested, and thus does not become final ninety days after its filing pursuant to the principle of res judicata and § 23-947, does not prevent a party from challenging the designation of a disability as scheduled or unscheduled. When the process begun by the filing of a Form 107 is concluded, any party can challenge the commission's determination under § 23-1047(C).

7

If a Form 106 is issued initially, or as in this case is issued after rescinding the Form 107, the claimant can contest the designation of the disability as scheduled and the calculated compensation by protesting the Form 106 and requesting a hearing. *See* Ariz. Admin. Code R20-5-106(A)(6) (mandating inclusion of notice of hearing and appeal rights on Form 106).

**¶13**     Additionally, other provisions may prevent or discourage carriers from delaying the compensation process by erroneously issuing a Form 107 and then rescinding it with the issuance of a Form 106. In this case, the carrier was notified by the commission that the Form 107 was improper and that a Form 106 should have been filed, but the proper form was not filed until one month later. The commission must notify a party if a form or document filed is incomplete or different from the one required, and the commission will deem the new form timely filed if accomplished within fourteen days after notification. Ariz. Admin. Code R20-5-107(D). Additionally, the commission can, acting sua sponte, file a notice alleging bad faith or unfair claim processing practices. Ariz. Admin. Code R20-5-163(F). "[U]nfair claim processing practices" includes unreasonably failing to acknowledge communications from the commission and failing to act reasonably and promptly upon communications from the commission; "bad faith" includes unreasonable delays. Ariz. Admin Code R20-5-163(A), (B). These provisions are sufficient to promote one of the purposes of the workers' compensation system— providing compensation expeditiously, even where a Form 107 cannot become final until after a determination is made under § 23-1047. *See Grammatico v. Indus. Comm'n*, 208

Ariz. 10, ¶ 7, 90 P.3d 211, 213 (App. 2004) (purpose of workers' compensation system includes providing efficient and expeditious compensation). For all the reasons we have discussed, we conclude a Form 107 is not subject to the principle of res judicata under § 23-947.

**Disposition**

¶14        For the foregoing reasons, the ALJ's award is set aside.


                                        /s/ *J. William Brammer, Jr.*
                                        J. WILLIAM BRAMMER, JR., Judge


CONCURRING:


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge