NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARMANDO MATTOS, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

STARWOOD HOTEL & RESORTS WORLDWIDE, INC., *Respondent Employer,*

ZURICH AMERICAN INSURANCE C/O SEDGWICK, CMS, *Respondent Carrier.*

No. 1 CA-IC 14-0041
FILED 7-2-2015

Special Action – Industrial Commission
ICA Claim No. 20092-860325
Carrier Claim No. 010515078470WC01

Margaret A. Fraser, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Erica González-Meléndez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Scott H. Houston, Rae Richardson
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**T H O M P S O N**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a scheduled permanent impairment and supportive care.  The petitioner employee ("claimant") presents one issue on appeal: whether the March 11, 2011 notice of claim status ("NCS") was void on its face.[1] Because the evidence

---

[1]        Although both parties refer to the March 11, 2011 NCS in their arguments, we presume that they are in fact discussing the March 11, 2011 Notice of Permanent Disability or Death Benefits. The March 11, 2011 NCS only states that the claimant's "[i]njury resulted in permanent disability," and not whether that permanent disability is scheduled or unscheduled. Further, the attached medical report that supports the NCS states that the claimant sustained a permanent impairment but does not reference whether it is scheduled or unscheduled. For that reason, the NCS is supported by the medical report on which it is based.

of record reasonably supports the administrative law judge's ("ALJ's") finding that the scheduled injury designation is res judicata, we affirm the award.

## I.     JURISDICTION AND STANDARD OF REVIEW

**¶2**          This court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rules of Procedure for Special Actions 10.  In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We consider the evidence in a light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## II.     PROCEDURAL AND FACTUAL HISTORY

**¶3**          On May 28, 2009, the claimant was working in the laundry department at the Wigwam Resort when he slipped and fell injuring his left elbow and shoulder.  He filed a workers' compensation claim, which was accepted for benefits.  Sanjay R. Patel, M.D., provided the claimant with conservative treatment and eventually found his industrial injury to be medically stationary.  He reported that the claimant had sustained a "26% upper extremity impairment."   Based on Dr. Patel's October 20, 2010 "Permanent and Stationary Report," the respondent carrier, Zurich

American Insurance Co. ("Zurich"), closed the claimant's claim with a **scheduled** permanent partial impairment of the left upper extremity. The claimant did not protest the closure, and it became final.

¶4　　　　Following closure, the claimant continued to see Dr. Patel under his supportive care award. On March 20, 2013, the claimant filed a petition to reopen his claim supported by Dr. Patel's January 31, 2013 progress report, because his industrially-related condition was deteriorating. Zurich denied the petition for benefits, and the claimant timely requested an ICA hearing.

¶5　　　　The ALJ held ICA hearings for testimony from the claimant, Dr. Patel, and Evan Lederman, M.D. She then entered an award granting the claimant's petition to reopen and redesignating his permanent impairment as unscheduled. Zurich timely requested administrative review. On review, the ALJ vacated and amended portions of the Award, and the claimant brought this appeal.

### III.　DISCUSSION

¶6　　　　The claimant argues that the March 11, 2011 Notice of Permanent Disability or Death Benefits[2] is void because it is not supported

---

[2]　　　When a compensable industrial injury results in a permanent impairment, an award of permanent disability benefits is made depending on the character of the impairment as either "scheduled" or "unscheduled." Scheduled injuries are listed in A.R.S. § 23-1044(B) (Supp. 2014), and are

by Dr. Patel's October 20, 2010 medical report on which it is based, and he cites *Roseberry v. Industrial Commission*, 113 Ariz. 66, 546 P.2d 802 (1976). In *Roseberry*, the Arizona Supreme Court held that an NCS contradicted by the medical report on which it was based was void on its face and not entitled to res judicata effect. 113 Ariz. at 68, 546 P.2d at 804. This court discussed *Roseberry* and its progeny in *Asarco, Inc. v. Industrial Commission,* 204 Ariz. 118, 60 P.3d 258 (App. 2003). We recognized that:

> *Roseberry* has been applied in cases in which (1) the notice terminating benefits is directly contradicted by evidence in the record, or (2) the notice is totally unsupported by the record. The critical point made in the *Roseberry* line of cases is that, if the record is devoid of any information to support the notice, then the notice has no basis and is void on its face.

204 Ariz. at 121-22, ¶ 18, 60 P.3d at 261-62.

¶7        The claimant argues that he is entitled to receive **unscheduled** permanent disability benefits because he sustained an injury to his left shoulder as well as his left arm, and shoulder injuries are typically compensated as unscheduled injuries. *See* A.R.S. § 23-1044 (C); *Dye v. Indus. Comm'n*, 153 Ariz. 292, 294, 736 P.2d 376, 378 (1987). In this case, the claimant's claim was closed based on Dr. Patel's October 20, 2010 report. In

---

conclusively presumed to adversely affect a claimant's earning capacity. *Arizona Workers' Compensation Handbook* § 7.2.4.1, at 7-4 (Ray J. Davis, et al., eds., 1992 and Supp. 2013). Unscheduled impairments are compensated only upon a showing of a loss of earning capacity ("LEC") through an LEC determination. *Id.*, § 7.4, at 7-16 to -18.

his report, Dr. Patel recorded subjective complaints of "significant pain and weakness in his left elbow as well as his left shoulder" following the industrial injury. A physical examination revealed "shoulder height discrepancies, [and] significant atrophy . . . in his shoulder musculature," and "in his left upper extremity." The doctor provided work restrictions for the claimant's left arm: lifting 20 pounds to waist height, 10 pounds to shoulder height, and no lifting above the shoulder.

¶8            With regard to permanent impairment, Dr. Patel found that the claimant had sustained a "26% upper extremity impairment" based on the 6th Edition of the AMA Guides to the Evaluation of Permanent Impairment. His report concluded:

> **Assessment:**
> 953.4 Injury to brachial plexus
> 840.7 SLAP lesion
>
> **Plan:**
> 1. Status post fall, injury to left elbow contusion.
> 2. Axillary and chest wall contusion, left.
> 3. Brachial plexopathy left.[3]
> 4. Left upper extremity weakness.

¶9            The *Dye* court held that

> [i]n determining whether a disability is scheduled or unscheduled, the combined effects of the original injury on all portions of the body should be considered. Pain, swelling, or any other impairment to an unscheduled portion of the body,

---

[3]      At the ICA hearing, Dr. Patel described this as a group of nerves that come out of the left side of the neck and control sensation, movement and strength in the upper extremity.

*if it affects function at all*, transforms a scheduled injury into an unscheduled injury.

*Id.* at 294, 736 P.2d at 387 (emphasis added) (citation omitted). In this case, Dr. Patel recorded subjective complaints of pain and weakness in the left shoulder and noted an objective finding of atrophy, but he does not make any specific finding as to shoulder function. Further, on its face, Dr. Patel's report is not directly contrary to the notice which closed the claimant's claim with a scheduled permanent impairment to the left upper extremity. Instead, we find this situation more akin to our decision in *Church of Jesus Christ of Latter Day Saints v. Industrial Commission*, 150 Ariz. 495, 724 P.2d 581 (App. 1986).

¶10 In *Church of Jesus Christ*, we found that the medical report on which the NCS was based was not directly contrary to the notice so as to make it void, but instead, was ambiguous and raised inferences that arguably were inconsistent with the notice making it voidable upon a timely appeal. 150 Ariz. at 497, 724 P.2d at 583.

> As has been pointed out numerous times by this court, principles of res judicata are concerned with finality, not correctness. Res judicata principles take effect under A.R.S. § 23-947 after 90 days . . . . [B]oth the claimant and the carrier may void the binding effect of a Notice of Claim Status within this time frame — the claimant by filing a request for hearing and the carrier simply by issuing a new Notice. However, after that period has expired, the claimant cannot avoid the effect of the notice by simply claiming it is erroneous. Neither can the carrier.

*Id.* at 498, 724 P.2d at 584 (internal citation omitted) (footnote omitted).

¶11 In this case, we find that the March 11, 2011 Notice of Permanent Disability or Death Benefits was voidable and became final after ninety days when it was not protested. For that reason, we affirm the ALJ's award.



Ruth A. Willingham · Clerk of the Court
FILED: ama