NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACE FRANK EDEN, *Plaintiff/Appellant*,

*v.*

GERALDINE A. DEUBLEIN, Trustee of the Geraldine A. Deublein Living
Trust dated August 10, 2005; CATTLEMEN'S, LLC; and TIM and
TIFFANY CYWINSKI, *Defendants/Appellee*s.

No. 1 CA-CV 15-0854
FILED 3-9-2017

Appeal from the Superior Court in Navajo County
No. S0900CV201400435
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Jace Frank Eden, Show Low
*Plaintiff/Appellant In Propria Persona*

Moore Law Firm PLLC, Show Low
By Nicholas D. Patton
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

D O W N I E, Judge:

¶1        Jace Frank Eden appeals from an order dismissing his civil complaint on the basis of *res judicata*.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Geraldine Deublein, as Trustee of the Geraldine Ann Deublein Living Trust ("Deublein"), sued Branding Iron Plaza, LLC, and Stan and Debi Jackson — lessees of a restaurant located on the LLC's property.[1]  Deublein owned property adjacent to the LLC's, where she too operated a restaurant.  Deublein alleged the LLC was interfering with her use of an easement.

¶3        The superior court held an evidentiary hearing to consider Deublein's request for a preliminary injunction.  On November 12, 2013, the court issued a written ruling, stating, in pertinent part:

- In July 1955, "three separate easements were conveyed and recorded by and between the predecessors in interest to the properties at issue.  The three owners of the properties, by three separate conveyances, granted each other easements for 'drive-way purposes' and they specifically retained for themselves the right to use the land conveyed for 'drive-way purposes and for access to their own property for repairs or additions to utilities.'  The easements all specifically state that they run with the land."

- Deublein historically used the easement "for drive-way purposes to access the back of [her] restaurant for delivery vehicles and garbage trucks."

---

[1]        We refer to Branding Iron Plaza, LLC and the Jacksons collectively as "the LLC."

- Deublein sold her property to the LLC in 2006. The LLC ceased using the easement for deliveries and built an outside dining area that "completely blocks off the easement access to the back of [Deublein's] restaurant for receiving deliveries."

- After the LLC defaulted on its purchase loan, foreclosure proceedings ensued, and Deublein resumed operation of her restaurant.

¶4        The court issued a preliminary injunction, ordering the LLC to "remove the structures and outside dining area blocking the easement within 30 days of the date of this signed order." Failure to comply, the court ruled, "could result in contempt of court, additional sanctions . . . and/or an order authorizing the Plaintiff to employ the appropriate services to remove the structures with the [LLC] being responsible for the costs of removal and storage or disposition of the material."

¶5        After the injunction issued, Deublein filed a "Motion for Judgment on the Record." The LLC failed to respond, and the court granted the motion, stating:

> Rule 7.1(b) states that if the opposing party does not file an answering memorandum or response, the Court may deem the failure to respond as a <u>consent </u>to granting the motion. In this case, the motion for judgment on the record should be granted not only because [the LLC] did not respond, but also because it absolutely has merit and is supported by the evidence and the law.

The superior court subsequently issued an order: (1) "[a]djudging the Easements as recorded . . . to be valid and of full force and effect;" (2) "[q]uieting title to the Easements" in Deublein; and (3) "issuing a permanent injunction restricting [the LLC] from taking any steps to obstruct or otherwise interfere with [Deublein's] use and maintenance of the easement." Eden filed a notice of appeal on behalf of the LLC. This Court directed the LLC to appear through counsel, and when it failed to do so, the appeal Eden filed was dismissed.

¶6        On August 6, 2014, Eden filed a "Complaint of Forcible Entry and Detainer and Declaratory Judgment and Permanent Injunction and Quiet Title" against Deublein and related defendants (collectively, "Appellees"). Appellees moved to dismiss, arguing Eden's action was

barred by the doctrine of *res judicata*. Eden opposed the motion, asserting he was not a party to the earlier litigation, that action was not resolved on the merits, and his claims were "of [a] different nature" from those decided in the earlier proceedings. The superior court granted Appellees' motion to dismiss, stating, in pertinent part:

> [T]he Court ruled against [Eden] in a matter that concerns the easement in the present case. The complaint, though difficult to read, clearly seeks relief from the judgment already entered . . . . The Court cannot find that any allegations in the complaint are different from the issues already decided in the previous case.

¶7            Eden's timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8            We review the superior court's dismissal order *de novo*. *Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 4 (App. 2013). *Res judicata* – also known as claim preclusion, *Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 425 (App. 1993), precludes "a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999). Claim preclusion requires proof of: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Peterson*, 232 Ariz. at 595, ¶ 5.

¶9            As Eden's complaint makes clear, the requisite identity of claims exists between his action and the prior litigation. The complaint alleges that Eden's title policy shows no conveyances to Appellees or their property and that Appellees have "no written document that grants any conveyance" to his land. Eden further asserts that "verbal permission" for Appellees to use the easement "stopped on 5-1-2006 when the plaintiff purchased the defendants land" and that Appellees abandoned the easement. The complaint further alleges the easements "have been extinguished" and that Eden has obtained a "prescriptive easement" to the parking lot through adverse possession. Eden alleges Deublein "committed fraud upon the court" and the LLC in the first action in order to obtain the preliminary injunction.

¶10  Eden is clearly seeking to overturn the judgment in the first action and is also asserting issues that could have been litigated in that proceeding.[2]  Claim preclusion applies both to previously litigated issues and to issues that could have been litigated in the earlier action. *Special Events Serv., Inc. v. Indus. Comm'n*, 228 Ariz. 332, 335, ¶ 11 (App. 2011); *see also Howell v. Hodap*, 221 Ariz. 543, 547, ¶¶ 19–20 (App. 2009) (the relevant inquiry is whether the claims "arise out of the same nucleus of facts.").

¶11  Nor does the record support Eden's assertion that the first action was not decided on the merits.  In entering judgment against the LLC in that proceeding, the court ruled that Deublein's motion "absolutely has merit and is supported by the evidence and the law."  The court had before it the record from the preliminary injunction proceedings, including the deeds granting the easements and a stipulated survey of the properties. *See* Ariz. R. Civ. P. 65(a)(2)(C) (evidence received during preliminary injunction proceedings and that would be admissible at trial "becomes part of the trial record.").

¶12  Finally, Eden argues he was not a party to the prior litigation.  Privity exists, though, if there is "substantial identity of interests" and a "working or functional relationship" by which the interests of the party and the putative privy "are presented and protected by the party in the litigation." *Hall*, 194 Ariz. at 57, ¶ 8.  In the first proceeding, Eden sought to intervene, asserting he was the "real party in interest" after the LLC was dissolved and its property transferred to him. The record demonstrates that Eden was in privity with the LLC for purposes of claim preclusion.

---

[2]  To the extent Eden intended to assert claims based on conduct unrelated to Appellees' use of the easement, his complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Ariz. R. Civ. P. 8.  As the superior court observed, the complaint is "difficult to read," and courts do not "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

## CONCLUSION

**¶13**    We affirm the judgment of the superior court.  Appellees request an award of attorneys' fees and costs pursuant to A.R.S. § 12-341.01.  *See Squaw Peak Cmty. Covenant Church of Phx. v. Anozira Dev., Inc.*, 149 Ariz. 409, 414 (App. 1986) (awarding appellate fees under § 12-341.01 based on deed including an easement).  In the exercise of our discretion, we grant Appellees' request and will award a reasonable sum of fees, as well as taxable costs, upon compliance with Arizona Rules of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA